## CIRCUIT COURT OF BOTETOURT COUNTY

Janet F. Brugh and
Carolyn I. Smiley

v.

Norfolk and Western Railway Co.

February 15, 1979

Cases No. 1240 and 1260

By JUDGE ROSCOE B. STEPHENSON, JR.

The evidence established the following facts. The accident which is the subject of this litigation occurred on February 8, 1975. Immediately thereafter the defendant, acting through its claims department, caused a thorough investigation of the accident to be made. The purpose of the investigation was twofold: (1) in order to furnish a report of the accident to the Department of Transportation, and (2) in order to prepare for anticipated litigation. In the course of the investigation, statements of six individuals were taken. These individuals were (1) Guy E. Gibson, defendant's employee and engineer of train involved in the accident; (2) L. A. Gill, an employee of defendant; (3) L. H. DeLong, an employee of the defendant; (4) W. A. Sandridge, Jr., an employee of defendant; (5) Price A. Barnett; and (6) Sidney E. Overacre. The defendant has certain "operating rules" which prohibit their employees from issuing statements to anyone except authorized agents of defendant. Plaintiffs and their attorney first learned of the existence of these statements and of the names of these potential witnesses (except in the case of Guy E. Gibson, whose name appeared

on the accident report filed with the Division of Motor Vehicles) on or about May 13, 1977, being the date the defendant filed answers to certain interrogatories. By letters dated May 20, 1977, plaintiffs' attorney requested an interview with each of these six persons for the purpose of determining the knowledge each had respecting the accident. In response thereto, they received the cooperation of Messrs. Overacre and Barnett. Mr. Gibson, the engineer, advised plaintiffs' attorney that his employer (N. & W.) had instructed him not to talk and he accordingly refused to discuss the case. Mr. Gill agreed to an appointment with plaintiffs' attorney, but failed to keep the appointment. Mr. DeLong met with plaintiffs' attorney, but would not discuss the case with him. Mr. Sandridge responded by letter stating in part: "This is to inform you that I have no knowledge of this accident and was not as (sic) witness to same. If I am summonsed (sic) as a witness it will be only through the representation of a Norfolk & Western Railway Attorney."

Plaintiffs have requested that these six statements be produced and in support of their request they rely upon Rule 4:9[1] of the Rules of the Supreme Court of Virginia. The defendant, relying upon the so-called "work product" doctrine, is resisting this request.

The court is of opinion that these statements are a part of the attorney's work product even though they were not taken solely in anticipation of litigation. The "work product" doctrine, however, "does not offer absolute immunity, and discovery will be permitted where a showing of necessity greater than the normal requirement for good cause is made." *Rakes* v. *Fulcher*, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970). *Rakes* also states that "[w]here both parties have an equal opportunity to investigate, and where all the witnesses to the accident are known

---

[1] The pertinent part of the rule states: "(a) Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 4:5(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 4:1(b) and which are in his possession, custody, or control."

and available to both sides, discovery should not be granted." 210 Va. at 547, 172 S.E.2d at 756.

The defendant relies upon the *Rakes* case to support its position, but the facts in *Rakes* are substantially different from those in the present case. Summarizing the facts in *Rakes*, the court said:

> In the present case, the plaintiff offered no evidence to dispute the statements in the affidavit filed by defendants' counsel that the defendants, their agents, or the agents of their insurer did not interview or obtain statements from witnesses "immediately upon the occurrence of the accident or soon thereafter," and that no investigation was begun on behalf of defendants until after the present action was instituted.
>
> Thus plaintiff's counsel had the opportunity to make an investigation and to interview the witnesses before defendants, their agents, or the agents of their insurer. The names and addresses of witnesses were available to counsel from the trooper who investigated the accident. Plaintiff also obtained the names and addresses of all witnesses known to defendants through interrogatories. The fact that plaintiff's counsel was employed only a short time before the action was brought and that plaintiff was unable to assist counsel in any way, because she was incapacitated, does not change the situation here. 210 Va. 547, 172 S.E.2d 756.

In the present case, the statements in question were taken immediately after the accident. Indeed, Mr. Gibson's statement (being that of a participant in the accident) was taken on the same date as the accident. Four of the persons whose statements were taken are defendant's employees. The defendant has a rule which prohibits their employees from talking to the plaintiffs and their attorney. These four employees refuse to cooperate. Only Mr. Sandridge made any statement and his was couched in language which tends to create suspicions.

Under the facts of this case (and notwithstanding the holding in *Rakes*), I am of opinion that special and unusual circumstances exist which are sufficient to over-

come the immunity normally existing by reason of the "work product" doctrine. It is true, as argued by the defendant, that the plaintiffs are at liberty to take discovery depositions of these persons, but this means is expensive and time consuming, and if, as indicated by Mr. Sandridge, a person knows nothing about the case, it would be an exercise in futility.

I hold, therefore, that the statements made by the defendant's four employees are discoverable under the facts of this case and the defendant is directed to produce the same. With respect to the statements of Overacre and Barnett, the request is denied.