## CIRCUIT COURT OF AMHERST COUNTY

Effie Whitehead

v.

Harris-Teeter, Inc.

### July 27, 1992

### Case No. CL-4122

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to respond to the motion of the Plaintiff to compel answers to Interrogatory Number 10 propounded by the Defendant. The Plaintiff in this interrogatory sought to obtain statements from Harris-Teeter employees Twyman Glenn and William Phelps. The Defendant maintains that such statements should not be produced because they were taken in anticipation of litigation and in accordance with Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia. The Defendant also maintains that the Plaintiff has not made the satisfactory showing that it has a substantial need for the materials in the preparation of his case and is unable, without due hardship, to obtain the substantial equivalent of the materials by other means.

This is an action that has been brought by the Plaintiff against the Defendant for injuries she allegedly sustained as a result of falling in the Amherst, Virginia, grocery store of the Defendant. Apparently, a safety employee of the Defendant took statements from Mr. Glenn and Mr. Phelps within a few days after the accident occurred and before any suit or notice of claim had been filed.

The Defendant urges the Court to adopt a "reasonably foreseeable test" utilized by the Circuit Court of the City of Richmond in the case of *Smith v. National Railroad Passenger Corp.*, 22 Va. Cir. 348 (1991). In that case, reports of investigations conducted by the National Railroad Passenger Corp. before the suit was filed were sought

by the Plaintiff. The Circuit Court of the City of Richmond in *Smith* held that these investigations were done when litigation was reasonably foreseeable. Therefore, although they were prepared in the normal course of business by the National Railroad Passenger Corp., they are protected from discovery because they were reasonably foreseeable.

The Court in *Smith v. National Railroad Passenger Corp.* rejected the decision of the Fourth Circuit Court of Appeals in *McDougall v. Dunn*, 468 F.2d 668 (4th Cir. 1972), where the Fourth Circuit Court of Appeals held that when reports are prepared in the regular course of business and not upon the request of an attorney or through the expertise of an attorney, they are not protected by the "anticipation of litigation" rule.

It is clear that the statements taken from Glenn and Phelps in the instant case were done in the ordinary course of business of the Defendant. Applying either the reasonably foreseeable test or the ordinary course of business test, however, the Court does not believe that these statements were prepared in anticipation of litigation. No notice of litigation had been given and no suit had been filed. Additionally, these types of investigations can be done for other reasons such as safety modifications, insurance reports, workers compensation claims, and other statistical reasons.

Accordingly, the Court rules that the statements of Twyman Glenn and William Phelps are discoverable, and the Defendants shall furnish these to the Plaintiff.