**Wendell Massie WOOD, Petitioner,**

**v.**

**Charlie HODNETT, Sheriff of the County of Campbell, Virginia, Respondent.**

**Civ. A. No. 74–C–10–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

May 16, 1974.

William M. McClenny, Jr., Amherst Va., for petitioner.

E. Bruce Harvey, Commonwealth Atty., Campbell County, Rustburg, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This petition for a writ of habeas corpus questions the propriety of admitting into evidence, at petitioner's trial for receipt of stolen property, a stolen shotgun obtained by police officers from petitioner's wife. Petitioner contends that the gun was illegally seized without a warrant and, consequently, the gun and any subsequent incriminating statements by him were the "fruits" of an unconstitutional search and seizure and thus should have been suppressed. To the contrary, the state argues that petition-

er's wife consented to the removal of the weapon by voluntarily surrendering it to the investigating officers.

In addition, the applicability of the immunity provision regarding confidential communications between husband and wife contained in § 8–289 of the Virginia Code is in issue. The petitioner argues that this provision is an absolute bar to the use of any information obtained from the spouse of a criminal defendant. In opposition, the state maintains that the statute only bars court testimony concerning confidential communications during wedlock.

The incidents which eventually resulted in petitioner's arrest began when investigating officers obtained information from a suspect in a burglary case that a stolen shotgun was in petitioner's possession. The suspect informed the officers that petitioner was not aware that the gun was stolen and directed them to petitioner's house trailer so that petitioner could be questioned. Neither the petitioner or his wife were present when the officers arrived at the trailer, however, a neighbor informed them of the wife's place of employment. The officers contacted her at work at approximately 3:30 p.m. and notified her that they had received information that her husband had in his possession a stolen shotgun. Petitioner's wife informed the officers that she did not know anything about the weapon and that her husband was in Richmond attending college and would not return home until Friday. She also told the officers that they were welcome to the gun if it were stolen, and if they returned to the trailer that evening and she had located it, they could have it. At approximately 5:30 that afternoon, police officers returned to petitioner's trailer and knocked on the door. Petitioner's wife opened the door and said, "I guess this is the one you all are referring to," and then turned and walked toward the kitchen area. The officers followed her and discovered a shotgun lying on the kitchen table. The officers identified the gun by serial number and other identifying marks as the same

shotgun which had been reported stolen. They then gave petitioner's wife a receipt for the gun and removed it without her objection. Subsequent investigation, including conversations with the petitioner, indicated that he was aware that the gun was stolen when he received it. Consequently, he was indicted, tried, and convicted of violating § 18.1–107 and § 18.1–100 of the Virginia Code. He appealed his conviction to the Virginia Supreme Court of Appeals, asserting the same grounds as contained in his federal petition, and his petition was denied on December 4, 1973.

■ Petitioner's initial contention is analogous to the argument proffered in Coolidge v. New Hampshire, 403 U.S. 443, 484, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1970). Therein, the petitioner argued that when his wife produced guns and clothing for police officers who were questioning her at her home while he was in custody, she was "acting as an 'instrument' of the officials, complying with a 'demand' made by them" and therefore functioned as an agent of the state in conducting an illegal search and seizure of his possessions. 403 U.S. at 487. In rejecting this contention the court reasoned that, "[t]here was not the slightest implication of an attempt on their part [the police officers] to coerce or dominate her, or, for that matter, to direct her actions by the more subtle techniques of suggestion that are available to officials in circumstances like these." *Id.* at 489. But, rather, the circumstances indicated that the wife acted on her own initiative in the belief that she could thereby clear her husband. Absent police domination which might force the wife to become an unwilling assistant, the court concluded that the police conduct did not constitute a search and seizure.

The facts of the instant case present an even stronger argument for the respondent, and, therefore, the court finds that the police did not engage in a search and seizure but, instead, were the recipients of evidence voluntarily produced by petitioner's wife. When ini-

tially questioned, petitioner's wife expressed ignorance of the shotgun, but indicated the police could have it if she could locate it. On her own initiative she found the gun and produced it when the police arrived pursuant to her invitation. There is not the slightest indication of police coercion, and this is especially apparent because the decisions to locate and produce the evidence were made by petitioner's wife in the interim between her initial questioning and the arrival of the police at her house trailer.

■ Even assuming, arguendo, that the police conduct could be construed as a search and seizure, it would still be entirely proper.

Last year, the United States Supreme Court reaffirmed the principle that the search of property, without a warrant and without probable cause, but with proper consent voluntarily given, is valid under the Fourth Amendment. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Furthermore, recent opinions have established "that the consent of one who possesses common authority over premises or effects is valid against the absent, nonconsenting person with whom that authority is shared." United States v. Matlock, 415 U.S. 164, 170, 94 S.Ct. 988, 39 L.Ed.2d 242 and cases cited ns. 4–6 (1974); accord, Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). This common authority is implied from the mutual use and control inherent in the consensual arrangement, and any expectation of privacy is extinguished by the ineluctable assumption that a co-user may permit intrusion by a third party. 415 U.S. at 171, n. 7, 94 S. Ct. at 993.

Manifestly, these principles are applicable to a husband and wife living together, such as petitioner and his spouse. Applying these principles, the court has little difficulty in opining that the prosecution has carried its burden of proving that petitioner's wife's consent was freely and voluntarily given. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1967). Under the "totality of the surrounding circumstances" test established in Schneckloth, it is evident that any search and seizure which might conceivably have occurred was voluntarily consented to by petitioner's wife and, therefore, was constitutionally valid.

■ Nor does the court find any merit in petitioner's second contention. The court's interpretation of § 8–289[1] of the Virginia Code, as supported by opinions of the Supreme Court of Virginia, indicates that this section prohibits a husband or wife from testifying, without the consent of his or her spouse, regarding "any communication privately made to the other while married." Its application is limited to judicial testimony and, therefore, is not pertinent to petitioner's conviction since his wife did not testify at his trial. Such an analysis is apparent from a reading of the statute, and is consistent with state court interpretations which have all concerned the admissibility at trial of confidential communications between a husband and wife. E. g., Reil v. Commonwealth, 210 Va. 369, 171 S.E.2d 162 (1969); Daniels v. Morris, 199 Va. 205, 98 S.E.2d 694 (1957); Menefee v. Commonwealth, 189 Va. 900, 55 S.E.2d 9 (1949); Wilkes' Adm'r v. Wilkes, 115 Va. 886, 80 S.E. 745 (1914).

For the aforementioned reasons, it is hereby ordered that the petition be dismissed.

---

1. In his appeal to the Supreme Court of Virginia, petitioner also argued the applicability of § 8–288 of the Virginia Code. He appears to have abandoned this contention in his present petition, nevertheless, it is inapplicable to petitioner's trial since it solely concerns trial testimony by a husband or wife.