4 F.3d 984
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ruth M. BLOUGH, Plaintiff-Appellee,
v.
FOOD LION, INCORPORATED, Defendant-Appellant.
 No. 93-1169.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 14, 1993.
Decided: August 25, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 ARGUED: Robert William McFarland, McGuire, Woods, Battle & Boothe, for Appellant.
 Robert John Haddad, Shuttleworth, Ruloff, Giordano & Kahle, P.C., for Appellee.
 ON BRIEF: John F. Simon, McGuire, Woods, Battle & Boothe, for Appellant.
 E.D.Va.
 VACATED AND REMANDED
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Food Lion, Inc., appeals from a district court order quashing a discovery subpoena duces tecum, a jury verdict finding it liable to plaintiff, and a district court denial of its directed verdict and post-trial motions. Because we conclude that the district court erred in quashing Food Lion's subpoena, we vacate the district court's judgment and remand for further proceedings on the question of plaintiff's damages.
 
 I.
 
 2
 A can of food fell on plaintiff-appellee Blough's hand while she was shopping at defendant-appellant Food Lion ("Food Lion"). Approximately one month after the incident, Blough began experiencing motor difficulties with her hand. During this period, Blough also experienced other physical problems, including bladder problems and a general tingling on her skin. Fearing neurological disease, and not at first connecting her hand difficulties with the accident at Food Lion, Blough had herself tested for neurological disorders. No neurological irregularities were detected. Blough also sought counseling from Tidewater Pastoral Counseling Services ("Tidewater") to help her "adapt" to the changes in her life. J.A. at 118-19. Sixteen months after the incident, when Blough sought additional treatment for her hand, she learned that she had a permanent five percent impairment.
 
 
 3
 Blough brought suit against Food Lion alleging that it negligently stacked the inventory from which the food can had fallen. During discovery, Food Lion issued a subpoena duces tecum to Tidewater directing that it produce all documents pertaining to its consultations with Blough, in an attempt to demonstrate that Blough's counseling actually was unrelated to her hand injury. Blough also sought the records of her counseling sessions to demonstrate that the counseling, which she claimed as an item of her damages, was necessitated by her hand injury and anxieties associated with that injury. Tidewater refused to disclose any information communicated to it by Blough, invoking Virginia's priest-penitent testimonial privilege, Va. Code Ann. Sec. 8.01-400 (Michie 1992).[1]
 
 
 4
 The district court quashed the subpoena, ruling that the priestpenitent privilege protected against production of these documents, and a jury trial before a magistrate-judge followed. At the close of Blough's case, the magistrate denied Food Lion's motion for directed verdict. After the jury delivered a verdict for Blough in the amount of thirty-four thousand, four-hundred and nineteen dollars, Food Lion filed a motion for a judgment as a matter of law or for a new trial. The magistrate denied both motions.
 
 
 5
 Food Lion appeals the district court's order quashing its subpoena duces tecum, the jury verdict and the magistrate's denial of its posttrial motion. Because further proceedings on the appropriate amount of damages owed to plaintiff are necessitated by the district court's error in quashing Food Lion's subpoena duces tecum, we do not address appellant's other claims.
 
 II.
 
 6
 Section 8.01-400 of the Virginia Code provides that:
 
 
 7
 No regular minister, priest, rabbi or accredited practitioner over the age of eighteen years, of any religious organization or denomination usually referred to as a church, shall be required in giving testimony as a witness in any civil action to disclose any information communicated to him in a confidential manner, properly entrusted to him in his professional capacity and necessary to enable him to discharge the functions of his office according to the usual course of his practice or discipline, wherein such person so communicating such information about himself or another is seeking spiri tual counsel and advice relative to and growing out of the information so imparted.
 
 
 8
 Va. Code Ann Sec. 8.01-400 (Michie 1992). The district court interpreted this statute expansively to protect Tidewater's notes and records of Blough's counseling sessions. The court found that Blough communicated information to a Tidewater counselor, who was an accredited practitioner of the Roman Catholic Church, and concluded that to compel production of the records of this counseling "would render meaningless the clear protection against disclosure of confidential communications to the clergy provided in section 8.01-400," Blough v. Food Lion, Inc., 142 F.R.D. 622, 626 (E.D.Va. 1992) (footnote omitted).
 
 
 9
 We conclude that the quashing of Food Lion's subpoena was error. Section 8.01-400 expressly applies only to an individual "giving testimony as a witness." In merely responding to the subpoena duces tecum, the Tidewater counselor would not be"giving testimony." Cf. Wood v. Hodnett, 377 F. Supp. 740, 742 (W.D.Va. 1974) (marital privilege limited to judicial testimony). Nor would he be appearing as a "witness" in a civil proceeding. The counselor only would be producing documents for review during a pretrial discovery process that may never culminate in his giving of testimony. As appellee conceded at oral argument, the plain language of the statute does not extend the privilege to the mere production of documents, and we decline to interpret the statute broader than its plain language permits. As we have recognized, this statute, like testimonial privileges generally, is to be interpreted narrowly. Seidman v. Fishburne-Hudgins Educ. Found., Inc., 724 F.2d 413, 415 (4th Cir. 1984).[2]
 
 
 10
 Accordingly, we hold that section 8.01-400 of the Virginia Code does not protect against the pretrial production of Tidewater's documents in response to Food Lion's subpoena duces tecum. Given that the district court improperly quashed the subpoena duces tecum for documents whose content is of central relevance to both parties' arguments as to plaintiff's damages, we vacate the district court's judgment and remand for further proceedings on the question of damages consistent with this opinion.
 
 VACATED AND REMANDED
 
 
 [1]
 Virginia's priest-penitent privilege is invested in the clergy, and cannot be affected by the communicant. Seidman v. Fishburne-Hudgins Educ. Found., Inc., 724 F.2d 413, 415-16 & n.2 (4th Cir. 1984)
 
 
 [2]
 Although Virginia law governs the interpretation of section 8.01-400, see generally Fed. R. Evid. 501, the statute has not been interpreted by the Virginia Supreme Court in any reported case. As a general matter, however, Virginia courts construe testimonial privileges narrowly. See, e.g., Bennett v. Commonwealth, 236 Va. 448, 374 S.E.2d 303, 309 (1988), cert. denied, Bennett v. Virginia, 490 U.S. 1028 (1989) (marital privilege); Commonwealth v. Edwards, 235 Va. 499, 370 S.E.2d 296, 301 (Va. 1988) (attorney-client privilege)