## CIRCUIT COURT OF ROCKINGHAM COUNTY

David L. Whetzel

v.

Sarah M. McKee

January 20, 1998

Case No. (Law) 10788

BY JUDGE JOHN J. MCGRATH, JR.

This case presents the now all-too-common question of whether a report prepared by an insurance adjuster may be protected from discovery under the work product exception.

*Facts of the Case*

Plaintiff and Defendant were in a two-car automobile accident on October 29, 1994. On or about November 29, 1994, (one month after the accident), the Defendant contacted the Plaintiff's insurance carrier to indicate that he was incurring medical bills and expected the insurance company to make payments on those bills. Carolyn Thompson, an adjuster for State Farm Insurance, was handling the claim and met with the Plaintiff some time in early January of 1995 to take a statement as to his version of the accident. On or about February 2, 1995, Jamie Anderson, another insurance adjuster working for State Farm Insurance, took a recorded statement from the Defendant concerning the events surrounding the accident.

Some time in late February of 1995, the insurance adjuster had made a tentative offer of settlement to the Plaintiff, which the Plaintiff considered to be wholly inadequate. In responding to this offer of settlement, the Plaintiff made a statement to the insurance adjuster, Carolyn Thompson, along the lines that "he hoped that this doesn't have to go to court." In late April of 1995 in a subsequent conversation, Plaintiff did indicate to the insurance carrier that he had contacted the law firm of Allen, Allen & Al-

len for the purposes of pursuing a claim. Eventually, a different lawyer filed a personal injury action on behalf of the Plaintiff on April 25, 1995.

It is undisputed by the insurance carrier that at the time the statement was taken from the insured by the State Farm adjuster on February 2, 1995, (approximately three months after the accident), the insurance carrier's adjuster handling the claim had not retained counsel for the purposes of developing a litigation strategy. Moreover, no claim is made by the insurance carrier that the statement was taken pursuant to a general policy or mandate procedure that had been formulated by counsel as to the proper manner of handling cases for which there was a possibility or likelihood of litigation.

### Legal Discussion

This Court previously noted in 1997 that the case law on the issue of the discoverability of statements taken by insurance claims adjusters was in irreconcilable conflict. See *Estabrook v. Conley*, 42 Va. Cir. 512 (1997). In that opinion, this Court ruled that in order to provide some type of a "bright line" test, it was the holding of this Court that a claim for work product protection under Rule 4:1(b)(3) of the Rules of Virginia Supreme Court could not be claimed for a routine investigatory report developed prior to the insurance carrier or its insured involving at least to some minimal extent legal counsel for the purposes of preparing for litigation.

Counsel for the Defendant in this case urges upon this Court a reversal of this position and, in doing so, cites a number of recent cases. Most importantly, the Defendant's counsel relies upon the very well reasoned opinion of Judge Vieregg in *McCullough v. Standard Pressing Machines Co.*, 39 Va. Cir. 191 (1996), and the "Standing Memorandum Governing Discovery Disputes" utilized by Judge Wetsel of this Circuit as a basis for this Court to reconsider and reverse its earlier holding articulated in the *Estabrook v. Conley* case. The reasoning of Judge Vieregg and Judge Wetsel in the above-referenced decision and standing order is well articulated and well reasoned. There is much to commend from a common sense perspective the view that an insurance company from the moment it has received a report of an accident involving one of its insureds on which it carries liability coverage can and should as a prudent matter assume a litigation posture and commence an investigation for the purposes of preparing for litigation if a claim is made and it cannot be settled on an amicable basis. The implicit reasoning of these authorities is that an insurance carrier has a reasonable expectation that all accidents involving its insureds may

ultimately result in litigation; therefore, it is justified in conducting its investigation with an eye toward ultimate litigation, and therefore, the product of that investigation should be protected under Rule 4:1(b)(3).

The reason this Court declines to follow this line of reasoning is that, as a practical matter, it creates a new and clearly-defined exemption from the normal rules of discovery for insurance carriers by effectively ruling that all information obtained by an insurance carrier, even when counsel is not involved and no litigation has been filed and when the injured party, in many cases, has not even retained a lawyer would be automatically exempt from discovery because of the very nature of the insurance company's business.

Although this may not be an improper analysis from a common sense perspective, it continues to be this Court's view that the articulation of such a broad and clearly-defined exemption from the normal rules of discovery for one class of business is something that should be done by rule and not be created by trial courts on a case-by-case basis. The statutory provisions of § 8.01-3 of the Code of Virginia, 1950, as amended, clearly authorizes the Supreme Court to publish rules and for those rules to be modified or annulled by the legislature. It continues to be this Court's belief that a rule as broad as that being proposed by the Defendant needs to be done by the Supreme Court and the legislature and not by the trial courts.

In the instant case, the statement in issue was taken approximately three months after the accident, and it was taken before the Plaintiff had retained or apparently even spoken to any counsel. The insurance adjusters had not at that point consulted with outside attorneys or with their internal legal department concerning the proper method of handling this case. The investigation that was being conducted, by stipulation of the parties, was not being conducted pursuant to a general rule of practice recommended or required by the insurance carrier's retained counsel for personal injury cases or its in-house legal staff.

As this Court's stated in the *Estabrook v. Conley* matter, if the matter had not reached the point that the insurance carrier in contemplating the likelihood of litigation had retained or consulted any licensed practicing attorney as regards the case, then this Court believes it had not reached the point of "trial preparation" that would make it exempt under the provisions of Rule 4:1(b)(3).

Therefore, Defendant's Motion to Compel Production of the tape recorded statement taken by the insurance carrier on February 25, 1995, is hereby granted.