## CIRCUIT COURT OF FAIRFAX COUNTY

Staples Corp.

v.

Washington Hall Corp.

January 30, 1998

Case No. CH 146430

BY JUDGE STANLEY P. KLEIN

This cause is before the Court on each of two motions filed by defendant Washington Hall Corporation ("Washington") seeking a protective order. Specifically, Washington has asked this Court to enter an order precluding plaintiff The Staples Corporation ("Staples") from (1) orally deposing two corporate officers of Washington; and (2) deposing a designated agent of Washington pursuant to Rule 4:5(b)(6) of the Rules of the Virginia Supreme Court. After considering the arguments of both parties, presented orally and in writing, the Court denies Washington's Motion for a Protective Order with respect to the depositions of the two corporate officers and grants Washington's Motion for a Protective Order in connection with the 4:5(b)(6) deposition.

On October 15, 1996, Staples filed a Bill of Complaint against Washington and The Long-Term Credit Bank of Japan, Ltd. ("LTCBJ")[1] for specific performance of an alleged agreement between Washington and Staples. Staples asserts that Washington breached a contract with Staples to sell certain real property known as the Hidden Creek Country Club ("Hidden Creek"), located in Reston, Virginia. Staples further contends that LTCBJ, which possesses a lien on Hidden Creek, was involved in set-

---

[1] Defendant LTCBJ was dismissed from this action with prejudice by order of this Court dated October 10, 1997, which decision has been noticed for appeal by plaintiff.

ting the property's sales price before Washington and Staples entered into the alleged agreement. During the course of discovery, Staples took the individual deposition of Fumiyo Okuda, Washington's sole agent in the United States. Okuda was allegedly involved in negotiations concerning the sale of Hidden Creek. On November 6, 1997, Staples noticed the oral depositions of Motoaka Nishimiya and Kenichi Nomura as "officer[s], director[s], or managing agent[s]" of Washington pursuant to Rules 4:1 and 4:5 of the Rules of the Supreme Court of Virginia. Both Nishimiya and Nomura reside and work in Japan. The notices stated that the depositions were to take place on December 3rd and 4th, at the office of Staples' counsel in McLean, Virginia, located in Fairfax County. Staples also noticed the corporate deposition of Washington under Rule 4:5(b)(6) and scheduled the examination for December 3rd at the same location. The instant motions were filed in response to those notices.

The Rules of the Virginia Supreme Court set forth the procedures to be followed for discovery. Pursuant to Rule 4:5(a), after the commencement of an action, a party may "take the testimony of any person, including a party, by deposition upon oral examination." If the deponent is a party to the lawsuit, the examination "shall be taken in the county or city in which suit is pending . . . ." Rule 4:5(a1). In situations where the witness is a "nonparty," the deposition may be taken where the witness "resides, is employed, or has his principal place of business, except that [the deposition] may be taken at a place upon which the parties agree or at a place that the court in such suit may, for good cause, designate." *Id*. The deposition of a nonparty witness who does not reside in the Commonwealth of Virginia may occur "in the locality where he resides or is employed or at any other location agreed upon by the parties." *Id*.

A party may also take the deposition of a corporation pursuant to Rule 4:5(b)(6). That Rule provides that the examining party shall designate the subject matter of the examination in the Notice of Deposition. Thereafter, the corporation to be examined may designate an officer, director, managing agent, or other representative to testify on its behalf. *Id*. Rule 4:5(b)(6) further states that the section "does not preclude taking a deposition by any other procedure authorized in these Rules."

The use of depositions in court proceedings is prescribed in Rule 4:7. In cases where the deponent is a party to the lawsuit, or is an officer, director, or managing agent of a party, or is an individual designated by a party to testify pursuant to 4:5(b)(6), such testimony may be used by an adverse party "for any purpose." Rule 4:7(a)(3). In the event that "a party or an officer, director, or managing agent of a party or a person designated

under Rule 4:5(b)(6) . . . to testify on behalf of a party fails to obey an order to provide or permit discovery," the party may be sanctioned under Rule 4:12(b).

Rules 4:5, 4:7, and 4:12 are closely modeled after the Federal Rules of Civil Procedure ("FRCP"). *See,* Fed. R. Civ. P. 30, 32, and 37. Where, such as here, the Virginia Supreme Court has not addressed a particular discovery issue, federal case law interpreting the FRCP may be instructive. *See, e.g., Transilift Equipment, Ltd. v. Cunningham,* 234 Va. 84 (1987); *Rakes v. Fulcher,* 210 Va. 542 (1970). Nevertheless, it is incumbent upon this Court to construe Virginia's discovery rules in a manner consistent with the entire Virginia discovery framework. *See, King v. International Harvester,* 212 Va. 78 (1971). Bearing these principles in mind, the Court now turns to the motions at issue in this case.

### I. *Washington's Motion for a Protective Order with Respect to the Depositions of Nishimiya and Nomura*

Washington has asked this Court to issue a protective order precluding Staples from taking the oral depositions of Nishimiya and Nomura, who are corporate officers of Washington.

Washington argues that the depositions of Nishimiya and Nomura must take place, if at all, in Japan because although Nishimiya and Nomura are officers of the corporate defendant, they are not parties to this case. Given that Rule 4:5(a1) requires the depositions of nonparty witnesses to be taken in the location where they reside or work, Washington contends that the depositions of Nishimiya and Nomura must take place in Japan. In addition, Washington argues that the examination of Nishimiya and Nomura would be unnecessary and unduly burdensome, given that Staples has already had the opportunity to depose Okuda, a representative of Washington who Defendant asserts is well-acquainted with the transaction at issue in this case.

Staples contends that Nishimiya and Nomura may be deposed as "party" witnesses under Rule 4:5(a1) because they are officers of Washington, a party to this lawsuit. In support of its contention, Staples asserts that Rule 4:5(b)(6) merely supplements the traditional method of deposing corporations; that is, despite the enactment of Rule 4:5(b)(6), the *examining party* is still entitled to designate an officer, director, or managing agent to testify on behalf of a corporate entity. Staples argues that just as agents designated pursuant to Rule 4:5(b)(6) constitute party witnesses for purposes of Rule 4:5(a1) where the corporate principal is a party to the case,

so too do officers, directors, and managing agents selected by the examining party under the alternative methodology. Accordingly, Staples contends that it is entitled to designate Nishimiya and Nomura to testify on behalf of Washington as party witnesses. In addition, Staples asserts that the depositions of Nishimiya and Nomura would be neither unnecessary nor burdensome. Staples argues that the depositions of Nishimiya and Nomura are necessary because Okuda was unable to testify with respect to several important aspects of the Hidden Creek transaction, particularly the credit arrangement Washington had with LTCBJ and LTCBJ's involvement in the sale. Staples further contends that the depositions would not be unduly burdensome, based on an agreement by Staples to finance the cost of bringing Nishimiya and Nomura to the United States. The Court agrees with Staples.

Rule 4:5(b)(6) and FRCP 30(b)(6) allow an examining party to take the deposition of an agent selected by the corporation to be deposed. The Advisory Committee Notes to FCRP 30(b)(6) state that the rule is intended to provide an alternative mechanism for deposing a corporate entity:

> This procedure *supplements* the existing practice whereby the *examining party* designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them . . . .

Fed. R. Civ. P. 30(b)(6) advisory committee's note (emphasis added). FRCP 30(b)(6) was merely created to facilitate the discovery of corporate deponents:

> The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent." [Citations omitted.] It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it. [Citations omitted.] The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being

deposed by a party uncertain of who in the organization has knowledge . . . .

*Id.* Federal courts interpreting FRCP 30(b)(6) have also concluded that its enactment does not preclude the examining party from employing the traditional method of deposing corporations by designating officers, directors, or managing agents of its own choosing. *See, Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448 (D.C. Cir. 1986), *cert. denied*, 484 U.S. 871 (1987); *In re Honda American Motor Co., Inc., Dealership Relations Litigation*, 168 F.R.D. 535 (D. Md. 1996). *See also*, 7 James W. Moore et al., *Moore's Federal Practice*, § 30.25 (3d ed. 1997). In *In re Honda*, the District Court determined that an employee of Honda Motor Company who resided and worked in Japan could be deposed as a witness in the United States, even though the individual was designated to testify by the examining party. *In re Honda*, 168 F.R.D. at 540-42. Based primarily on the Advisory Committee Notes to FRCP 30(b)(6), the court concluded that the rule did not foreclose the right of the examining party to depose an employee of Honda which the examining party itself chose. *Id.* at 540.[2]

In light of the Advisory Committee Notes to FRCP 30(b)(6) and the federal case law construing that rule, it is clear under the FRCP that a party wishing to depose a corporation may either designate "officers, directors, and managing agents" to testify or allow the examined party to choose a representative to testify on its behalf. Accordingly, in situations where a corporate deponent is a party to a case, the representative selected to testify under either procedure is considered a party witness.[3]

Although federal discovery law is not binding on this Court, permitting the examining party to designate a corporate officer to testify on behalf of a corporation is nevertheless consistent with the procedures articulated in the Rules of the Virginia Supreme Court. When Rule 4:5(b)(6) is read in conjunction with Rule 4:7 and 4:12, it is apparent that the Virginia Supreme

---

[2] The court's analysis also included a discussion of whether the employee was a "managing agent" of Honda, such that he could be compelled to testify *on behalf of the corporation*. In the present case, the assertion that Nishimiya and Nomura are officers, directors, or managing agents of Washington with authority to speak on behalf of Washington has not been disputed.

[3] Of course, if the corporation to be deposed is not a party to the lawsuit, the examining party must compel the attendance of the corporate designee by subpoena.

Court intended to emulate existing federal practice. Rule 4:5(b)(6), just like its federal counterpart, states that the subdivision "does not preclude taking a deposition by any other procedure authorized in these Rules." The language in this paragraph therefore provides that the methodology articulated in 4:5(b)(6) does not constitute the sole procedure for taking the deposition of a corporation.

Furthermore, Rules 4:7(a)(3) and 4:12(b) manifest an intent by the Virginia Supreme Court to treat officer, directors, and managing agents selected to testify on behalf of a corporate litigant by the examining party as "party" witnesses for purposes of Rule 4:5(a1). Rule 4:7(a)(3) expressly states that "[t]he deposition of a party *or of anyone who at the time of taking the deposition was an officer, director, or managing agent,* or a person designated under Rule 4:5(b)(6) . . . to testify on behalf of a [corporation] *which is a party* may be used by an adverse party for any purpose." (Emphasis added.) Rule 4:12(b)(2) provides that the failure of "a party *or an officer, director, or managing agent of a party* or a person designated under Rule 4:5(b)(6) . . . to testify on behalf of a party . . . to provide or permit discovery" may result in sanctions to such party. If, as Washington argues, Nishimiya and Nomura should not be considered party witnesses, it defies logic that Washington could be sanctioned for the failure of nonparty witnesses to testify. However, the plain and unambiguous language of Rule 4:12(b)(6) would authorize such sanctions against the corporate party. Based on the language contained in Rules 4:7(a)(3) and 4:12(b)(2), the Court concludes that individuals designated to testify on behalf of a corporate litigant by the examining party constitute the equivalent of party witnesses for purposes of Rule 4:5(a1), assuming, of course, that such designees are officers, directors, or managing agents of the corporate deponent who are appropriately qualified to testify. Accordingly, Nishimiya and Nomura may be deposed in Fairfax County.

The Court also rejects Washington's argument that the depositions of Nishimiya and Nomura would be unnecessary and unduly burdensome. Keeping in mind that discovery should be open and liberal, the Court is satisfied that the depositions of Nishimiya and Nomura may likely lead to the discovery of admissible evidence. While Okuda was able to testify to most matters pertaining to this dispute, Staples has cited several instances where Okuda failed to provide adequate testimony relevant to certain issues. Moreover, Staples has already agreed to finance the cost of bringing Nishimiya and Nomura to the United States. Accordingly, the Court finds that the depositions of the two officers would be neither unnecessary nor unduly burdensome.

In light of the foregoing, the Court concludes that Staples is entitled to depose Nishimiya and Nomura in Fairfax County pursuant to the Notice of Deposition filed by Staples. Washington's Motion for a Protective Order with respect to these two individuals is therefore denied.

II. *Washington's Motion for a Protective Order with Respect to the 4:5(b)(6) Deposition of Washington*

Washington also seeks a protective order prohibiting Staples from taking the deposition of a designated agent of Washington pursuant to 4:5(b)(6). In support of its motion, Washington argues that the deposition would be "unnecessary and oppressive," given that Okuda has already provided testimony relating to the Hidden Creek transaction. In addition, Washington asserts that it had agreed to stipulate that the deposition of Okuda, taken in her personal capacity, may be used against the corporation under Rule 4:7(a)(3). Finally, Washington contends that, in the event the Court declines to grant the protective order, it would simply appoint Okuda to be its designated representative anyway. Based on these factors, Washington asserts that it is unnecessary to take its corporate deposition under Rule 4:5(b)(6).

Staples argues that Washington cannot designate Okuda as its representative pursuant to Rule 4:5(b)(6) because Okuda is not an appropriate corporate designee for purposes of the rule. Staples asserts that Okuda was neither in a position to exercise authority on behalf of Washington with respect to the Hidden Creek deal, nor was she capable of testifying to many matters relating to the transaction. Consequently, Staples contends that Washington must designate an alternative representative capable of providing relevant testimony.

As Washington has agreed to stipulate that Okuda's testimony will be admissible against Washington under Rule 4:7(a)(3) and because the Court is allowing the depositions of Nishimiya and Nomura to go forward, further depositions appear unnecessary at this time. If Staples concludes that officials at Washington have knowledge of matters not discussed in the Okuda, Nishimiya, and Nomura depositions, Staples may then file a 4:5(b)(6) Notice of Deposition to Washington and designate those particular subjects about which it feels further testimony is necessary. Accordingly, Washington's Motion for a Protective Order with respect to the 4:5(b)(6) deposition of Washington is granted.