# CIRCUIT COURT OF ROCKINGHAM COUNTY

North and South Lines, Inc.

v.

United States Fidelity
and Guaranty Co.

August 14, 1998

Case No. (Law) 11199

BY JUDGE JOHN J. MCGRATH, JR.

In January, 1996, Plaintiff North and South Lines, Inc., was contracted to carry a shipment of certain perishable, frozen goods. Plaintiff was issued a Commercial Insurance Policy by Defendant United States Fidelity and Guaranty Company (USF&G) covering loss of carried goods. The goods were refused by the intended buyer due to an alleged thawing of the goods en route. Pursuant to the terms of the insurance policy, Defendant transported the goods to Atlanta, Georgia, for inspection by and instruction from Defendant. Plaintiff alleges that while awaiting inspection by Defendant, Plaintiff's truck's refrigeration unit "suddenly and accidentally" broke down, resulting in the loss of all cargo. Plaintiff seeks to recover from Defendant for its losses under the insurance policy.

## I. *Discoverability of USF&G Investigation Materials*

The first issue presently before the court regards Plaintiff's Motion to Compel Production of Documents. Specifically, Plaintiff seeks from Defendant:

a. Correspondence and communications by and between USF&G and the Bridgewater Group [a claims adjuster].

b. Notes taken by USF&G and Bridgewater Group employees [i.e., adjusters] during the investigation of this claim.

c. Recorded statement summaries from Bill Foltz (taken February 7, 1997), Greg Rumalley (taken February 10, 1997), Charles Givens (owner of truck being driven by Tory Poole, taken February 6, 1997), Tory Lee Poole (North and South truck driver, taken February 6, 1997).

Plaintiff's Motion to Compel § 5. Defendant has objected to producing these documents, claiming they are protected as trial preparation materials under Rule 4:1(b)(3) of the Virginia Supreme Court and/or by the attorney-client privilege.

The question presented is when materials are considered to have been prepared for trial and thus protected by Rule 4:1(b)(3) and/or attorney-client privilege. This court has previously applied a bright line test, holding that routine investigatory reports made by an insurance carrier or adjuster and prepared without some minimal involvement of counsel are not protected. *Whetzel v. McKee*, 44 Va. Cir. 315 (1998) (McGrath, J.). The court reasoned that "if the matter had not reached the point that the insurance carrier, in contemplating the likelihood of litigation, had retained or consulted any licensed practicing attorney," then the investigation could not have reached the point of trial preparation which would invoke the protection of Rule 4:1(b)(3). *Id.* at 317. In the present case, however, the situation is reversed.

When the investigation into the refrigeration unit's failure and the resulting loss of the goods occurred, USF&G had already retained counsel. USF&G had commenced an investigation based on Plaintiff's January 30, 1997, claim. This claim was based on the buyer's refusal to accept the goods due to alleged thawing. Counsel was retained on February 5, 1997, during the course of this investigation. When Plaintiff filed its February 24, 1997, claim for the loss of the goods due to the breakdown of the refrigeration unit, USF&G was already consulting with counsel concerning a potential loss claim. Thus, in accordance with its ruling in *Whetzel, supra*, this court finds that the investigatory materials requested by Plaintiff were prepared in anticipation of litigation. As such, they are within the protection of Rule 4:1(b)(3). Furthermore, at this time, there has been no showing that Plaintiff has substantial need of the materials and that he is unable to obtain the substantial equivalent by other means without undue hardship. therefore, Plaintiff's Motion to Compel Production is denied.

## II. *Place of Depositions*

Plaintiff has also noticed the depositions of Defendant Corporation to be taken in Harrisonburg, Virginia. Defendant has moved for a protective order, claiming that the location of the depositions is properly in Atlanta, Georgia, the Defendant's place of business. The issue of where depositions are to be taken is addressed by Rule 4:5 of the Virginia Supreme Court. Rule 4:5(a1) states:

> Depositions shall be taken in the county or city in which suit is pending … except that depositions may be taken at a place upon which the parties agree or at a place that the court in such suit may, for good cause, designate. If a nonparty witness is not a resident of the Commonwealth, his deposition may be taken in the locality where he resides or is employed or at any other location agreed upon by the parties.

Rule 4:5(a1). Rule 4:5(b)(6) provides:

> A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested.

Rule 4:5(b)(6). Read together, these provisions indicate that agents of USF&G, as the Defendant corporation, may be named as deponents and deposed in Rockingham County, Virginia, where the suit is pending. Plaintiff has also complied with the requirement of Rule 4:5(b)(6) by "designat[ing] with reasonable particularity the matters on which examination is requested."

This construction of Rule 4:5 is in accordance with a similar ruling of the Circuit Court of Fairfax in *Staples Corp. v. Washington Hall Corp.*, 44 Va. Cir. 372 (1998) (Klein, J.). There, the plaintiff sought to depose two agents of the defendant corporation pursuant to Rule 4:5(b)(6) of the Virginia Supreme Court. The deponents resided and worked in Japan, but the plaintiff sought to depose them in McLean, Virginia. The defendant corporation argued in part that the agents were not parties to the suit and should, therefore, be deposed in Japan. The court there found:

> Rules 4:7(a)(3) and 4:12(b) manifest an intent by the Virginia Supreme Court to treat officers, directors, and managing agents

selected to testify on behalf of a corporate litigant by the examining party as "party" witnesses for purposes of Rule 4:5(a1).

*Id.* at 377. The court found that Rule 4:12(b)(2), which provides sanctions for the failure of "persons designated under Rule 4:5(b)(6) … to testify on behalf of a party," would have no meaning if the named deponents were not considered "party" witnesses. *Id.* at 5-6.

This court further finds that requiring Defendant to be deposed in Harrisonburg is not unduly burdensome. Several matters indicated by Plaintiff will certainly lead to discoverable material necessary to Plaintiff's case. Furthermore, the court cannot find that in today's society, a trip from Georgia to Virginia will cause undue hardship on the Defendant corporation or its employees. For the foregoing reasons, Defendant's Motion for a Protective Order is denied.

The Clerk of the Court is directed to send certified copies of this order to Laura S. Evick, Esq., and Mark B. Callahan, Esq., Clark & Bradshaw, P.C., counsel for Plaintiff, and to Katherine C. Londos, Esq., Wooten & Hart, P.C., counsel for Defendants.