# CIRCUIT COURT OF BRUNSWICK COUNTY

Robert Hawkins

v.

Norfolk Southern
Railway Co.

July 18, 2006

Case No. CL05-82

By Judge W. Allan Sharrett

This matter comes before the Court on Liberty Mutual Insurance Company's assertion that its adjuster's log is protected under the work product doctrine. After analysis of the facts and the law, the Court affirms Liberty's assertion that the adjuster's log is protected, as it qualifies as work product and is, therefore, not discoverable.

*Facts*

On May 2, 2003, Robert Hawkins was in a collision involving his vehicle and a train operated by Norfolk Southern Railway Company. (Pl.'s Mem. Supp. of Liberty's Claim of Privilege, 1, May 16, 2006.) Plaintiff asserts a claim of negligence against the Defendant for personal injuries sustained in this accident. (Pl.'s Mem. 1.) Plaintiff suffered injuries from the collision, including lacerations, cracked ribs, and a possible shoulder injury. (Def.'s Mem. Resp. to Liberty's Claim of Privilege, 1, May 31, 2006.) On May 5, 2003, Plaintiff's insurance company, Liberty Mutual Insurance Company (Liberty) was contacted regarding the accident and a claims

file/adjuster's log was opened. (Pl.'s Mem. 2.) According to Liberty, the adjuster's log contains investigative results, comments, conversations, claim of property damage and personal injury, and notations of Liberty's strategy for defending the claim and asserting Plaintiff's claim against Defendant. (Pl.'s Mem. 2.) Photos of the scene and statements of Plaintiff and an eyewitness were also noted in the adjuster's log. (Pl.'s Mem. 2.)

Plaintiff advised Liberty when the accident was reported that he would be filing a claim against the Defendant and expected a claim to be filed against him as well. (Pl.'s Mem. 2.) Defendant also spoke with Liberty and made no mention of litigation, but did indicate that a claim would be filed against Liberty for damages to its train. (Def.'s Mem. 2.) This claim was paid and finalized in April of 2004. (Def.'s Mem. 2.) Liberty did not contact an attorney regarding this incident until Plaintiff brought the current negligence claim. (Def.'s Mem. 2.)

Liberty delivered the photos, statements, and police report to the defendant after a subpoena *duces tecum* ordered these items to be produced. (Pl.'s Mem. 3.) However, Liberty has not produced the adjuster's log, claiming it to be privileged as work product. (Def.'s Mem. 2.)

## Issue

Is the adjuster's log protected under the work product doctrine?

## Analysis

The work product doctrine, as expressed in Virginia Supreme Court Rule 4:1(b)(3), states:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and *prepared in anticipation of litigation* or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Va. Sup. Ct. R. 4:1(b)(3) (emphasis added). Therefore, in order to be protected as work product, the party asserting the privilege, Liberty, must demonstrate that

the document was prepared in anticipation of litigation. However, if the requesting party, Norfolk Southern, can demonstrate a substantial need for the information, the document is nevertheless discoverable.

*1. Liberty's adjuster's log was created in anticipation of litigation in response to the collision between Plaintiff and Defendant's train.*

Virginia Supreme Court Rule 4:1(b)(6) requires that the party withholding material and claiming privilege must make this claim expressly and with a description of "the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Va. Sup. Ct. R. 4:1(b)(6). Initially, Liberty indicated that it was claiming privilege of the adjuster's log, but did not disclose why the log was considered work product, which is not enough to satisfy the disclosure requirements of Rule 4:1(b)(6). However, in its memorandum submitted to the Court, Liberty gave clear notice to the Court and Defendant why the adjuster's log was being claimed as work product: it contained investigative results and comments, conversations, claim of property damage and personal injury, and notations of Liberty's strategy of defending against claims and asserting Plaintiff's claim against Defendant. (Pl.'s Mem. 2.) The Court finds that this clear disclosure of the contents of the log is a description sufficient to satisfy Rule 4:1(b)(6).

The Supreme Court of Virginia has not ruled on whether an insurance company's adjuster's log is discoverable; however, the issue has been addressed several times in Virginia circuit courts. When an insurance company receives notice of an accident, it is the normal course of business for the company to compile information and investigate the accident to determine liability and damages. Because this is in the usual course of business, courts have had to wrestle with the difference between "anticipation of litigation" and "normal course of business" when dealing with insurance claims. Both Liberty and Norfolk Southern properly assert that two competing tests have emerged as how to address what is considered "anticipation of litigation:" the "bright-line rule" test and the "case-by-case" test. *See Estabrook v. Conley*, 42 Va. Cir. 512, 512 (Rockingham County 1997) (holding that a bright-line test was more appropriate, but noting that "the cases on the issue of the discoverability of statements taken by insurance adjusters are legion and are in hopeless and irreconcilable conflict."); *contra Lopez v. Woolever*, 62 Va. Cir. 198, 200 (Fairfax County

2003) (holding that a case-by-case analysis was best because applying the work product doctrine to insurance documents prepared during claims "was difficult because the nature of the insurance business was such that an insurance company has to investigate a claim prior to determining whether to pay its insured and thus pre-litigation investigating was the routine practice of insurance companies").

The bright-line rule test looks at the timeline of the incident to see if, or when, an attorney was consulted, and this event initiates the work product doctrine protection; anything before that time is not protected. *Whetzel v. McKee*, 44 Va. Cir. 315, 317 (Rockingham County 1998) (holding that the work on the claim had not become "trial preparation" because the matter had not reached the point that the insurance carrier in considering litigation had hired or consulted an attorney). In *Lopez v. Woolever*, the Court noted that the majority of Virginia courts, and the Fourth Circuit, apply the bright-line rule test; however, upon consideration, the Court rejected the bright-line rule and decided the issue using the case-by-case analysis. *Lopez v. Woolever*, 62 Va. Cir. 198, 205 (Fairfax County 2003). In Mr. Hawkins' situation, counsel was not contacted during the investigation process. Only after the negligence claim was brought was an attorney contacted. Applying the bright-line rule to this case, because counsel was not consulted, the adjuster's log would not be considered in "anticipation of litigation." However, this Court finds that the bright-line rule is both extraordinarily strict and disregards other important factors worth considering.

This Court opines that the case-by-case analysis test is more appropriate in this situation. The case-by-case analysis test is more flexible, as it considers the *reasonable foreseeability* that litigation could arise by considering the facts of the case, specifically, (1) the severity of plaintiff's injuries; (2) the awareness that the insured plaintiff may have been negligent in bringing about the accident; (3) notification of defendant that a claim may be pursued; (4) retention of counsel or material sought was requested by counsel; (5) the routine of investigation of plaintiff's claim, and other factors. *Ring v. Mikris, Inc.*, 40 Va. Cir. 528, 532 (Newport News 1996); *Prince v. Ponderosa Steakhouse*, 40 Va. Cir. 466, 471-72 (Albemarle County 1996) (holding that the injury was minor in nature, which was not enough to lead the defendant to believe it would be sued, and the accident report was very routine and "prepared in the ordinary course of business and not in anticipation of any 'substantial and imminent' threat of litigation."). In *Prince*, plaintiff was injured when a paper towel dispenser fell on his foot, clearly a minor injury which would most likely not spur thoughts of litigation. However, in the instant case, Mr. Hawkins' car was struck by a moving train. It is reasonable

for a court to distinguish between a routine accident report in *Prince* and an insurance claim which would likely initiate litigation after a train and car collision.

Additionally, Liberty was told of Plaintiff's and Defendant's intent to file claims when the matter was reported, three days after the incident. It is likely the insurance adjuster believed that it was reasonably foreseeable that litigation would arise from the claim due to the parties and injuries involved.

It is worth noting that Defendant makes a valid argument that, by filing a claim, Liberty was following the ordinary routine of everyday business, which may not be considered anticipation of litigation. *See Prince*, 40 Va. Cir. at 471-72; *Ring*, 40 Va. Cir. at 534-35. However, even though Norfolk Southern classified the damages as "minor," the indication to Liberty that claims would be filed by both parties and the possible negligence issues which loomed on both sides makes it likely that Liberty produced the adjuster's log in anticipation of litigation.

Further, the Defendant quotes case law which states circuit courts "have usually concluded that adjuster reports are not motivated by the prospect of litigation . . . and consequently are not privileged as work product." *McCulloch v. Standard Pressing Machs. Co.*, 39 Va. Cir. 191, 195 (Fairfax County 1996). However, this quote is misleading and distorts the holding in the case. The actual quote is "even in these courts, adopting varied rationales, have usually concluded that adjuster reports are not motivated by the prospect of litigation *if prepared before a claim is acted upon by the insurer* and consequently are not privileged as work product." *Id.* at 194 (emphasis added). It is extremely important to consider the emphasis in the phrase "if prepared before a claim is acted upon by the insurer." This log was not prepared before the claim; it was created as a result of the claim, which is in line with the holding in *McCulloch*.

For the foregoing reasons, by appropriately using the case-by-case test, the Court rules that the adjuster's log was prepared in anticipation of litigation and should, therefore, be considered work product.

2. *The defendant does not show a substantial need for the information in the adjuster's log or an undue hardship in obtaining the information through other outlets, and, therefore, the adjuster's log is protected by the work product doctrine and is not discoverable.*

If the adjuster's log is work product, it may nevertheless be discoverable if the Defendant demonstrates that it has a *substantial need* of the materials in the preparation of his case and that he is unable without *undue*

*hardship* to obtain the substantial equivalent of the materials by other means. Va. Sup. Ct. R. 4:1(b)(3). "The substantial need prong examines (1) whether the information is an essential element in the requesting party's case and (2) whether the party requesting discovery can obtain the facts from an alternate source." *Fletcher v. Union Pacific RR.*, 194 F.R.D. 666, 671 (S.D. Cal. 2000) (*quoting* 6 James Wm. Moore et al., *Moore's Federal Practice*, § 26.70[5][C], at 26-221 to 26-222 (3d ed. 1999)). Undue hardship considers the burden on the requesting party, here Defendant, to find the requested information from an alternate source. *Id.*

In response to the subpoena *duces tecum* ordered by this Court, Liberty produced the photographs and interviews of Plaintiff and eyewitnesses from the adjuster's log, leaving the actual log as the only item not discovered. (Pl.'s Mem. Resp. to Def.'s Mem. 9, June 7, 2006.) Liberty notes that Defendant has not argued that it lacks sufficient information to develop a rebuttal to Mr. Hawkins' claim. (Pl.'s Mem. Supp. of Liberty's Claim of Privilege, 7.) Liberty is concerned that Defendant may be interested in gaining insight as to how Liberty adjusters go about reporting claims, its case strategy, liability and damage assessments, and plans of action. (Pl.'s Mem. Resp. to Def.'s Mem. 9.) Liberty also notes that, in the Motion to Compel, Defendant made no argument that the adjuster's log would aid him in establishing a better case. (Pl.'s Mem. Supp. of Liberty's Claim of Privilege, 7.)

It is true that the adjuster's log is a unique item and contains information which would be difficult for Defendant to otherwise discover; however, Defendant has not demonstrated that it needs the information in the adjuster's log to complete its defense, that the information would be crucial to their case, or that it is especially relevant to their defense. While it might be attenuated for Liberty to claim that Norfolk Southern is trying to gain future advantage in litigation, the Courts are charged with protecting "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Va. Sup. Ct. R. 4:1(b)(3). It appears that Norfolk Southern has not demonstrated anything other than mere curiosity as to what is contained in the adjuster's log; therefore, it has not met its burden of demonstrating substantial need.

In conclusion, while the work product doctrine is often abused as a shield to hide information from opposing counsel, that is not the case here, and the fairest resolution is for the adjuster's log to be considered work product. There is neither controlling case law from the Supreme Court of Virginia on this issue, nor one clear holding from federal or state courts. In this particular situation, the most equitable decision requires application of the case-by-case test to determine whether or not the information was prepared in

anticipation of litigation and thus is work product. Both approaches have been utilized by Virginia courts; however, the case-by-case analysis seems to be the more reasonable of the two tests, and should be utilized here. Applying the case-by-case test, the facts and severity of the accident demonstrate that the materials were prepared in anticipation of litigation and are, therefore, work product. Further, Norfolk Southern does not meet its burden of demonstrating a substantial need for the information or an undue hardship in acquiring the information through other sources, which would vitiate the protection of the work product doctrine. Therefore, the adjuster's log is protected from discovery in this case.