# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Soterios Economos

v.

K Mart Corp.

October 6, 1993

Case No. (Law) 5469

By Judge Jay T. Swett

After consideration of [the] argument [regarding the plaintiff's Motion to Compel] and the cases cited, it is my conclusion that the incident report prepared by the defendant on the day of the accident constitutes work product and is therefore subject to the provisions of Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia. The fact that the incident report was prepared by a K Mart employee does not remove the document from the protection afforded by the rule. The incident report was prepared by the K Mart store manager who investigated the incident. A copy of the form was forwarded to K Mart's legal department. The document was prepared in accordance with a standard procedure adopted by K Mart, the purpose of which, in part, was to have an investigation undertaken in the event of or in the anticipation of litigation. Accordingly, absent a showing that the plaintiff has a substantial need of the incident report and that the plaintiff is unable without due hardship to obtain the equivalent of the information in the report by other means, the motion to compel the production of the incident report is denied.

The second aspect of the motion to compel relates to K Mart manuals that purport to instruct employees how to complete the incident form and how to conduct an investigation of an accident that occurs in a K Mart store. K Mart represents that the policy manual was also prepared in anticipation of litigation. In contrast to the incident report

which is prepared following a particular accident, the litigation that K Mart anticipates in the context of the manuals is litigation of a general nature that may arise out of accidents that occur in K Mart stores.

I do not see a valid distinction to draw between the preparation of a specific incident report and a policy manual that is prepared in anticipation of law suits and instructs K Mart store employees on how to conduct accident investigations and how to prepare an incident report. Thus, to the extent that the policy manual(s) instructs managers on how to investigate accidents in anticipation of litigation, then the policy manual need not be produced in the absence of a showing by the plaintiff that he has a substantial need of the manuals and that he is unable without undue hardship to obtain their equivalent.

To the extent that portions of the manual(s) in question do not relate to instructions on preparation of the incident report or how to investigate accidents, then the other portions should be produced if they come within the parameters of the plaintiff's motion to request production of documents.