## CIRCUIT COURT OF FAIRFAX COUNTY

Lawan Overton

v.

David Dise

November 9, 1994

Case No. (Law) 130350

By Judge Robert W. Wooldridge, Jr.

This matter comes on the Defendant's Motion for Protective Order as to a Statement Interview with the Defendant taken by his insurance company's claims adjuster.

The Plaintiff and Defendant were involved in a car accident on April 7, 1993. On April 8, 1993, a claims adjuster for Nationwide, the Defendant's insurance company, took the Defendant's Statement Interview. The Plaintiff has requested access to Nationwide's claim investigation file, which includes the Statement Interview. The Defendant has moved for a Protective Order for the Statement Interview on the basis that it is protected under Rule 4:1(b)(3), which reads:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

For the reasons stated below, the Defendant's Motion for a Protective Order is denied.

The Court finds that the Defendant is not entitled to a Protective Order because the Statement Interview was not prepared in anticipation of litigation or for trial. While it is true that sometimes materials may be prepared both in anticipation of litigation and in the ordinary course of business, the Court finds that this was not the case. The Statement Interview in question was taken the day after the accident in the ordinary course of business and is not subject to the protection afforded by Rule 4:1(b)(3).