## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Lois Mae Ring

v.

Mikris, Inc.,
t/a Waffletown and/or
Belgian Waffle and
Family Steak House, et al.

December 18, 1996

Case No. (Law) 21302-RF

BY JUDGE ROBERT P. FRANK

Plaintiff in this case alleges that she, a business invitee, was injured in a fall at defendant's restaurant. This matter is before the court on plaintiff's motion to compel production of documents. The plaintiff requests the following: (1) statements of three witnesses taken during accident investigation; (2) photographs of the accident scene; and (3) a diagram of the accident scene. The information plaintiff seeks was prepared by Commonwealth Claims Service, employed by defendant's insurer to investigate the incident at issue in this case. Defendant argues that the work performed by Commonwealth Claims was in anticipation of litigation; therefore, pursuant to Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia, the information sought is discoverable only upon a showing of substantial need.

Virginia Rule 4:1(b)(3) affords a qualified privilege to otherwise discoverable documents and tangible things that were prepared in anticipation of litigation. The question presented by plaintiff's motion is whether the qualified privilege articulated in Rule 4(1)(b)(3) should attach in the cir-

cumstances of this case; the statements and documents plaintiff seeks were produced prior to the time plaintiff filed a claim and prior to when plaintiff notified defendant that she had retained counsel.

For the reasons outlined below, the court finds the information sought by plaintiff was prepared in anticipation of litigation. The court finds plaintiff has not made a showing of substantial need required for this court to order discovery of witness statements and diagrams of the accident scene. The court finds, however, plaintiff has made the required showing of substantial need with respect to the photographs of the accident scene. The court therefore denies plaintiff's motion to compel discovery with regard to the diagrams and witness statements and grants plaintiff's motion to compel production of the photographs of the accident scene.

In arriving at its decision on the present motion, this court was mindful of the various purposes of discovery; clarifying the issues between the parties; ascertaining facts relative to those issues; and obtaining the fullest possible knowledge of the facts and issues before trial. *See, Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Given the importance of the discovery process and because work product protection hinders "the investigation of the truth by cloaking otherwise relevant information, [the privilege] should . . . be given the narrowest construction consistent with its purpose." *Pete Rinaldi's Fast Foods v. Great American Ins.*, 123 F.R.D. 198, 201 (M.D. N.C. 1988). The court therefore emphasizes that each case must be decided on its own particular facts, and any limitation of discovery should be granted only after thorough and critical analysis of the case.

## I. *Factual Background*

On January 29, 1994, plaintiff fell in defendant's restaurant while there as a customer. Defendant filed an accident report with its insurance company on February 2nd, as was required by defendant's insurance policy. The insurance company received the accident report on February 7th. A representative from defendant's insurer spoke to the plaintiff's family on February 8th to enquire into the seriousness of the injury. After speaking to plaintiff's family, the insurance representative contacted Commonwealth Claims Services, an independent adjuster and investigator. Commonwealth Claims conducted an investigation, which included taking photographs of the accident scene and interviewing various employees of defendant. The investigation was completed in March, 1994. The results of Commonwealth Claims' investigation are the subject of plaintiff's motion to compel.

The defendant and its insurer were first notified that plaintiff had retained counsel on May 24, 1994. Prior to plaintiff's letter of representation, plaintiff had not contacted defendant regarding any claim of liability.

## II. *The Virginia and Federal Rules of Civil Procedure*

Rule 26 of the Federal Rules of Civil Procedure and the identical rule of Virginia procedure provide:

> a party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials . . . and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means . . . .

Fed. R. Civ. P. 26(b)(3); Supreme Ct. Va. R. 4:1(b)(3).[1]

Before the 1939 Federal Rules of Civil Procedure, there was virtually no discovery in actions at law. Elizabeth Thornburg, "Rethinking Work Product," 77 Va. L. Rev. 1515, 1518 (1991). After the 1939 Rules, the Federal Courts disagreed over what materials were or were not protected from discovery. *Id.* (describing how one line of cases allowed discovery of what is now considered "work product").

In 1949, the United States Supreme Court noted the "important problem under the Federal Rules of Civil Procedure as to the extent to which a party may inquire into oral and written statements of witnesses, or other information, secured by an adverse party's counsel in the course of preparation for possible litigation has arisen." *Hickman*, 329 U.S. at 497. The *Hickman* Court in resolving the problem created a qualified immunity from discovery for attorney work product prepared in anticipation of litigation. *Id.* at 511.

Following *Hickman* and several attempts at rule drafting, the Supreme Court amended the Federal Rules of Civil Procedure in 1970. Thornburg, 77 Va. L. Rev. at 1520. As quoted above, the revised federal rules included the specific discovery exemption for trial preparation materials. The advi-

---

[1] Virginia Rule 4:1(b)(3) is modeled after Federal Rule of Civil Procedure 26(b)(3), with the language of both rules being identical. As such, federal cases and commentary discussing Federal Rule 26 are instructive to the instant case.

sory committee drafting Federal Rule 26 in 1960 recognized the problematic nature of determining whether a document has been prepared in anticipation of litigation: "Some of the most controversial and vexing problems to emerge from the discovery rules have arisen out of requests for the production of documents or things prepared in anticipation of litigation or for trial . . . . The major difficulties visible in the existing case law are . . . confusion and disagreement as to the scope of the . . . work-product doctrine, particularly whether it extends beyond work actually performed by lawyers . . ." Fed. R. Civ. Pro. 26(b)(3) advisory committee's note on 1970 amendments.

As articulated in the parties' briefs, Virginia and federal courts have struggled with the discovery rules vis-a-vis insurance company investigations and reports. The issue turns on whether such investigations and reports should be characterized as having been prepared in anticipation of litigation or, on the other hand, should be characterized as having been prepared in the ordinary course of business or for some other non-litigation purpose.

### III. *"In Anticipation of Litigation"*

Materials assembled in the ordinary course of business or for other non-litigation purposes are not under the qualified immunity provided for by Federal Rule 26(b)(3) or Virginia Rule 4(b)(3). *Goosman v. A. Duie Pyle, Inc.*, 320 F.2d 45, 52 (4th Cir. 1963); *Commonwealth, ex rel., etc. v. Edwards*, 235 Va. 499, 510 (1988).

Defendant urges this court to draw a "bright line" when third party liability insurance is involved. Defendant argues in liability cases such as the present case, where a third party has a claim against an insured, the elements giving rise to a cause of action are complete at the time the accident occurs. Def. Repl. Mem. at 4. Hence, in the third party liability case, parties may properly anticipate litigation immediately following the accident. *Id.* Defendant draws a distinction between third party and first party insurance, arguing "the prospect of litigation can only arise [in first party insurance cases] at the point in time where the [insurance] contract is breached by one of the parties." *Id.*

This court declines to draw a bright line based on such a distinction. First, "[b]ecause work product protection by its nature may hinder an investigation into the true facts, it should be narrowly construed consistent with its purpose." *Suggs v. Whitaker*, 152 F.R.D. 501, 505 (M.D. N.C. 1993). Second, the court notes the trend among federal cases on discovery

of *third-party* insurance reports to determine on a case-by-case basis whether a particular document was prepared in anticipation of litigation. *Suggs*, 152 F.R.D. at 506; *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 773 (M.D. Pa. 1985); *APL Corp. v. Aetna Cas. & Sur. Co.*, 91 F.R.D. 10, 18 (D. Md. 1980).

This court is in accord with federal decisions which find: "[c]learly, Rule 26(b)(3) was not intended to protect all insurance claim files from discovery." *Basinger*, 107 F.R.D. at 774 (citing *APL Corp.*, 91 F.R.D. at 18). The court recognizes, as is cited in federal cases, "at the same time, by its very language, the Rule [26(b)(3)] does protect . . . materials prepared in anticipation of litigation." *Id.* Much of the controversy, therefore, centers on an exact definition of "anticipation." As such, this court endeavors to synthesize from the various cases a workable definition of "anticipate." The court further endeavors to articulate a test it can apply consistently to motions to compel discovery of insurance reports.

To determine whether a document is prepared in anticipation of litigation, "a good starting point is to ask the question of whether, 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained *because* of the prospect of litigation'." *Pete Rinaldi's Fast Foods*, 123 F.R.D. at 201 (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2024 at 198-99 (1970)) (emphasis added).

The word "anticipate" should be given its common, ordinary, and accepted meaning in the absence of statutory definition. *See, Commonwealth v. Orange-Madison Cooperative Farm Serv.*, 220 Va. 655, 658 (1980). The Virginia Supreme Court has analyzed the meaning of "anticipate" in other contexts, in which the Court viewed "anticipation" as synonymous with to "reasonably foresee." William Todd Benson, "Corporate and Institutional Accident Investigations as Work Product Pursuant to the Rules of the Supreme Court of Virginia," 17 Univ. Rich. L. Rev., 285, 293 (citing *Harris v. Bankers Life & Cas. Co.*, 222 Va. 45 (1981); *Houston v. Strickland*, 184 Va. 994 (1946); *Norfolk & W. Ry. v. Whitehurst*, 125 Va. 260 (1919)).

A workable test of whether a document was prepared in "anticipation of litigation" is consistent with federal cases on the subject: a party asserting

a document was prepared in anticipation[2] of litigation must show the document was prepared *because* of the prospect of litigation, such that the preparer faces an actual claim or potential claim following an event that *reasonably could result in litigation. National Union Fire Ins. v. Murray Sheet Metal*, 967 F.2d 980, 984 (4th Cir. 1992) (noting members of society tend to document transactions and occurrences to avoid the foibles of memory and to perpetuate evidence to resolve future disputes; and because litigation is an ever-present possibility in American life, it is more often the case than not that events are documented with the general possibility of litigation in mind. However, "the fact that a defendant anticipates the contingency of litigation . . . does not automatically qualify an 'in house' report as work product.")

This court therefore holds a party asserting the Rule 4:1(b)(3) privilege must show, from the factual circumstances of the particular case, the document it seeks to protect: (1) was prepared *because* of the prospect of litigation; (2) the preparer faces an actual or potential claim; and (3) the preparer could reasonably foresee the actual or potential claim would result in litigation.

The court considers the following factors, among others, to be relevant in applying the above-stated test:

(1) Severity of the plaintiff's injuries (*see Suggs*, 152 F.R.D. at 506, holding that an insurance company investigating an accident which resulted in serious injury or death would more likely conduct its investigation in anticipation of litigation than if the accident was less severe);

(2) Whether it is immediately apparent that the negligence, if any, would likely be solely with the insurance company's insured (*see, id.,* holding when an insurance company conducts an investigation where it is immediately apparent that the negligence, if any, would likely be with the insured, the investigation is more likely to be in anticipation of litigation than if the question of negligence is not immediately apparent);

(3) Whether the plaintiff or plaintiff's family notified defendant that plaintiff would pursue a claim or informed defendant that plaintiff did not have adequate financial resources to pay for plaintiff's medical expenses;

(4) Whether plaintiff's attorney notified defendant that counsel had been retained, or whether the material sought was requested by an attorney;

---

[2] The party asserting work product protection bears the burden of proof of establishing entitlement to the privilege. *Sandberg v. Virginia Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir. 1992).

(5) Whether the person who took the statement is charged with safety responsibilities (*see National Union Fire Ins.*, 967 F.2d at 985, stating: "Because the statements were taken by persons charged with safety responsibilities, we question whether the documents were prepared in anticipation of litigation . . . ."); or whether the investigation was made by the defendant pursuant to policy, statute, regulation, or other non-litigation purpose (*see Blough v. Food Lion, Inc.*, 142 F.R.D. 622, stating "following any industrial accident, it can be expected that designated personnel will conduct investigations, not only out of a concern for future litigation, but also to prevent reoccurrences, to improve safety and efficiency in the facility, and to respond to regulatory obligations.");

(6) Whether a statute clearly implicates the insurance company's insured with liability (*see Basinger*, 107 F.R.D. at 774, holding because the plaintiff's decedent had been drinking alcohol at the insured's bar immediately before his death and the state legislature had passed a Dram Shop Act, the insurer likely anticipated litigation in its investigation);

(7) Whether an insurer "investigated plaintiff's claim in the manner he investigated all other claims and prepared various investigative reports during the course of such routine investigation in accordance with . . . normal procedures. [With] no evidence . . . [the insurance company] prepared the documents *because* of the prospect of litigation." *APL Corp.*, 91 F.R.D. at 20 (emphasis in original); and

(8) Whether the documents a party seeks to protect were produced before an insurer formally denied a claim (*see Pete Rinaldi's*, 123 F.R.D. at 201, discussing first-party insurance claims).

### IV. *The Present Case*

Taking into account the above-stated test and factors, this court holds the reports produced by Commonwealth Claims were prepared in anticipation of litigation. In order to exercise the discovery privilege, the defendant must show: (1) Commonwealth Claims' report was prepared because of the prospect of litigation; (2) the insurance company faced an actual or potential claim when it ordered the reports; and (3) the insurance company could reasonably foresee the actual or potential claim would result in litigation.

As to the first factor, the court finds Commonwealth Claims' report was prepared because of the prospect of litigation. A representative from defendant's insurer stated she contacted Commonwealth Claims because plaintiff's family had informed her that plaintiff had suffered the serious

injury of a broken hip. The insurance representative also stated she was concerned about liability from the time she spoke to plaintiff's family.

Second, the insurance company realistically faced a potential claim from plaintiff. Plaintiff's family notified defendant's insurer that plaintiff had limited medical insurance coverage; therefore, the insurer presumed plaintiff's insurance would not cover all her medical expenses. As such, the insurance company felt a claim from plaintiff would be likely.

Third, the insurer in this case could reasonably anticipate litigation because it seemed apparent that negligence, if any, would likely be solely with the insurance company's insured. The plaintiff claims she tripped on the floor and buffet area of defendant's restaurant. Plaintiff did not allege another customer or any other source caused the accident other than defendant's allegedly defective flooring. Therefore, it is reasonable to conclude that if there is a finding of negligence, such negligence would lie with the defendant.

This court finds sufficient proof that defendant's insurer had the reports prepared by Commonwealth Claims in anticipation of litigation. However, a finding of work product protection does not end the matter. *Suggs*, 152 F.R.D. at 507. Plaintiff may obtain discovery of the documents at issue "upon a showing that the party seeking discovery has substantial need of the materials . . . and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means . . . ." Supreme Ct. Va. R. 4:1(b)(3).

A finding of substantial need involves consideration of two factors: (1) the nature of the documents (their relevance and importance) and (2) ability to obtain the facts from other sources, *Suggs*, 152 F.R.D. at 507 (citing *National Union Fire Ins.*, 967 F.2d at 985). "To constitute a 'substantial' need, a strong showing of either factor in conjunction with the other is necessary." *Id.* The court finds plaintiff has not made a strong showing of substantial need as to the witness interviews and diagrams of the restaurant. The plaintiff has access to the witnesses the insurance company interviewed and may question those witnesses under oath with penalty of perjury.

As to the photographs, plaintiff has demonstrated substantial need considering the factors articulated in *Suggs*. The photographs were taken soon after the accident occurred and would therefore seem relevant and important to the case. Second, the plaintiff would face great difficulty, if not impossibility, in obtaining photographs from any other source. Because the plaintiff cannot recreate the accident scene and the photographs were

taken close in time to the accident, the court finds the plaintiff has demonstrated a substantial need for the photographs.

The court reiterates that this opinion is not to be read as limiting parties' access to the discovery process. In fact, this court takes the opposite position, that discovery should be had unless a party asserting work product protection or other immunity to discovery carries the burden of proof in establishing entitlement to the privilege. The court's position is grounded in the purposes of discovery, federal and state case law on discovery privileges, and considerations of fairness to all parties to litigation.

The court denies plaintiff's motion to compel the diagrams and witness interviews and grants the motion to compel the photographs for the reasons stated above.