# CIRCUIT COURT OF ROCKINGHAM COUNTY

Kerry Anne Estabrook

v.

Curtis Ray Conley

July 25, 1997

Case No. (Law) 10819

BY JUDGE JOHN J. MCGRATH, JR.

This matter is before the Court on the all-too-familiar question of whether statements taken by an insurance adjuster shortly after an accident may be obtained in discovery. In this case, Progressive Insurance Company carried liability insurance on the defendant who struck the Plaintiff, a pedestrian, while operating his automobile on June 19, 1996. On June 21, 1996, a Progressive Insurance Company adjuster took a statement from the defendant concerning the accident.

The Defendant has refused to produce the statement on the grounds that it was prepared in anticipation of litigation and protected under Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia. The Plaintiff has moved to compel production.

At an *ore tenus* hearing held on the motion, Defendant's counsel produced Ms. Geri Rice, who is a Regional Claims Supervisor for Progressive Insurance. Ms. Rice testified that although she did not take the statement from the defendant, the taking of the statement by her subordinate was consistent with her preferred practice of obtaining statements from insureds when the injured party is a pedestrian and the amount of damage done appears significant.

The cases on the issue of the discoverability of statements taken by insurance adjusters are legion and are in hopeless and irreconcilable conflict. *Compare, e.g., Pressey v. State Farm Mutual* (Newport News Law No. 20693-VA, Oct. 25, 1995) (Askew, J.); *Carroll v. Blackwell* (City of Richmond ML-

3629, Jan. 25, 1996) (Wilkinson, J.); *Billups v. Hunter* (City of Hampton at Law No. 31127, 1996); *Overton v. Dise*, 35 Va. Cir. 177 (Fairfax County, 1994) (Wooldridge, J.); *with Whitehurst v. Lloyd*, 37 Va. Cir. 224 (Loudoun County, 1995) (Horne, J.); *Green v. Oakwood Mobile Homes, Inc.*, 1995 VLW 096-8-031 (Essex County, 1995); *McCullough v. Standard Pressing Machines Co.*, 39 Va. Cir. 191 (Fairfax County, 1996) (Vieregg, J.); *Hughes v. Carson* (Rockingham County No. 10602, May 31, 1996) (Hupp, J.); *Ring v. Mikris, Inc.*, 40 Va. Cir. 528 (Newport News, 1996) (Frank, J.).

This Court is not able to discern any consistent thread from decisions. The entire debate appears to center on the notion of whether it is reasonable and prudent for potential tortfeasors to "reasonably anticipate" litigation whenever there is an accident. If so, then all statements obtained by an insurance carrier for any accident in which their insured was involved would be *ipso facto* protected from discovery.

Although it may not be irrational in the litigious society in which we live to assume that litigation will follow any accident, this assumption cannot be the predicate for a sweeping claim of work product protection. To accept such a proposition would create a *de facto* new class of privileged material which would cover virtually all types of routine accident investigations. If there is going to be such a sweeping change in trial practice, it must come from the General Assembly.

It is difficult to draw bright lines in this area. However, the Court notes that the statements in question here were apparently taken before the Defendant had retained counsel, before the insurance carrier had assigned counsel to the matter, and before Plaintiff had made or suggested any claim. If the matter was not significant enough to involve counsel with an eye to preparing a litigation defense, it is not in this Court's view entitled to the protection afforded by Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia.

Wherefore, Plaintiff's Motion to Compel is granted, and the Defendant is ordered to turn over to counsel for Plaintiff the statements in question.