# CIRCUIT COURT OF CHESTERFIELD COUNTY

Anne Thompson

v.

Winn Dixie
Raleigh, Inc., et al.

May 28, 1999

Case No. CL98-701

BY JUDGE WILLIAM R. SHELTON

On May 10, 1999, the parties appeared before this Court by counsel and presented arguments on the plaintiff's Motion to Compel Answers to Interrogatories. Upon consideration of the evidence and the applicable statutory and case law, the Court will rule as follows.

The Court shall deny the plaintiff's Motion to Compel Answers to Interrogatory numbers 1, 3, 9, 10, 12, 13, 14, 15, 16, and Request for Production of Documents number 3. The Court finds that the defendant's responses are satisfactory.

The Court shall grant the plaintiff's Request for Production of Documents number 4. The Court finds that employee or training manuals which describe or refer to the maintenance, cleaning, or upkeep of the aisles, floors, and premises and the cleaning of spillage on said aisles and floors and premises is relevant to the matter at hand.

The plaintiff's Motion to Compel Answers to Interrogatory numbers 5 and 6 and Request for Production of Documents number 5 is denied in part and granted in part.

Interrogatories number 5 and 6 request the defendant to identify any employee, agent, or other representative of the defendant who received any statement from all persons who had any information or knowledge relating to the alleged occurrence. The interrogatories also ask the defendant to describe the substance of the statements in detail. Request for Production of Documents

number 5 seeks "any and all documents, photographs, and audio recordings ... regarding the ... alleged occurrence including any and all statements ... ." The defendant objected to the Interrogatories and the Request for Production, asserting that this information is protected by the work product doctrine.

Rule 4:1(b)(3) provides that "a party may obtain discovery of documents and tangible things ... *prepared in anticipation of litigation* ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable ... to obtain the substantial equivalent of the materials by other means." (Emphasis added.)

The relevant issue for this Court is the scope of Rule 4:1(b)(3) and the definition of "documents prepared in anticipation of litigation." Numerous courts have found that routine investigatory reports made and prepared without some minimal involvement of counsel are not protected by the work product doctrine. See *North and South Lines v. U.S. F. & G. Co.*, 46 Va. Cir. 294 (Rockingham 1998); *Whetzel v. McKee*, 44 Va. Cir. 315 (Rockingham County 1998); *Estabrook v. Conley*, 42 Va. Cir. 512 (Rockingham 1997); *Overton v. Dise*, 35 Va. Cir. 177 (Fairfax 1994); *Whitehead v. Harris-Teeter, Inc.*, 28 Va. Cir. 367 (Amherst 1992); *Brugh v. Norfolk & W. Ry.*, 4 Va. Cir. 477 (Botetourt 1979); but see *Whitehurst v. Lloyd*, 37 Va. Cir. 224 (Loudoun 1995); *Green v. Oakwood Mobile Homes, Inc.*, 37 Va. Cir. 137 (Essex 1995); *McCullough v. Standard Pressing Machines Co.*, 39 Va. Cir. 191 (Fairfax 1996); *Ring v. Mikris, Inc.*, 40 Va. Cir. 528 (Newport News 1996).

The Court is of opinion that statements taken prior to litigation are not taken in "anticipation of litigation" pursuant to Rule 4:1(b)(3). Therefore, any statement taken prior to the date defense counsel was retained is discoverable.