# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Shawn L. Wood

v.

Brad Lee Barnhill

May 23, 2000

Case No. (Law) 98-228

BY JUDGE EDWARD L. HOGSHIRE

Plaintiff has moved to compel production of insurance statements in this personal injury case. The issue is whether statements made to an insurance adjuster are work product and hence non-discoverable or, being made prior to litigation, are discoverable. No response was received from the Defendant. After having reviewed the brief and authorities submitted by the Plaintiff, the Court concludes that Plaintiff's motion should be granted.

The relevant consideration in determining whether information should be protected under the work product doctrine is the scope under Virginia Rule of Procedure 4:1(b)(3) of "documents prepared in anticipation of litigation." Professor Kent Sinclair of the University of Virginia School of Law summarizes the distinction: "a party may discover and use materials obtained by investigation into the facts, but not those obtained or created as part of the mental processes of the opposing counsel or other agent of the discoveree." *Virginia Civil Procedure* (3d ed. 1998), 528.

The Virginia Supreme Court has yet to definitively rule on this issue. Numerous courts have found that routine investigatory reports made and prepared without some minimal involvement of counsel are discoverable. *See Thompson v. Winn Dixie Raleigh, Inc.*, 49 Va. Cir. 115 (Chesterfield 1999); *Whetzel v. McKee*, 44 Va. Cir. 315 (Rockingham 1998); *Estabrook v. Conley*, 42 Va. Cir. 512 (Rockingham 1997); *Tanner v. Evans*, Law No. 95-335 (Charlottesville 1996); *Prince v. Ponderosa Steakhouse, Inc.*, 40 Va. Cir. 466 (Albemarle 1996); *Overton v. Dise*, 35 Va. Cir. 177 (Fairfax 1994); *S. W.*

*Heischman, Inc. v. Reliance Ins. Co.*, 30 Va. Cir. 235 (Albemarle 1993); *Whitehead v. Harris-Teeter, Inc.*, 28 Va. Cir. 367 (Amherst 1992); *Brugh v. Norfolk & W. Ry.*, 4 Va. Cir. 477 (Botetourt 1979). However, the courts have disagreed on this issue and have sometimes ruled that such reports should be protected as work product and hence deemed not discoverable. *See Larson v. McGuire*, 42 Va. Cir. 40 (Loudoun 1997); *McCullough v. Standard Pressing Machines Co.*, 39 Va. Cir. 191 (Fairfax 1996); *Ring v. Mikris, Inc.*, 40 Va. Cir. 528 (Newport News 1996); *Whitehurst v. Lloyd*, 37 Va. Cir. 224 (Loudoun 1995); *Green v. Oakwood Mobile Homes, Inc.*, 37 Va. Cir. 137 (Essex 1995); *Economos v. K-Mart Corp.*, 33 Va. Cir. 55 (Charlottesville 1993).

This Court has determined that absent a showing to the contrary, statements made to an insurance company prior to litigation are not subject to the work product privilege. *See Tanner v. Evans*, Law No. 95-335 (1996). In *Tanner*, this Court ordered the defendant to identify any communications with insurance carriers prior to litigation. Law No. 95-335. This case is distinguished from this Court's holding in *Economos v. K-Mart Corp.*, 33 Va. Cir. 55 (1993), where the Court protected the Defendant's in-store accident report under the work product doctrine. In *Economos*, the Court found the report to be not discoverable because the investigation of the incident had been conducted in the manner prescribed by a policy manual prepared in anticipation of law suits. 33 Va. Cir. at 56.

In the absence of any contrary showing, this court holds that routine insurance reports following an accident should not be subject to work product protection. Ordinary reports are made in the regular course of business and do not rise to the level of "mental processes" involved with the strategizing of a legal defense. In this case, because Defendant has not shown that communications made to the insurance carrier involved counsel or were made in preparation for future litigation, the Court will follow *Tanner*. Consequently, the Court grants the Plaintiff's motion to compel production of insurance statements.