# CIRCUIT COURT OF FAIRFAX COUNTY

Johnny E. Veney

v.

James Mitchell Duke et al.

October 26, 2005

Case No. (Law) 2005-1680

BY JUDGE R. TERRENCE NEY

This matter came before the Court on July 29, 2005, upon Plaintiff Johnny E. Veney's Motion to Compel.

The parties were involved in an automobile accident, and Plaintiff brought suit for his injuries against Defendant James Mitchell Duke. Plaintiff served discovery on Defendant in May of 2005.

Plaintiff's Interrogatory Number 6 stated:

Name every person, including yourself, who is known to you or to your attorneys to have made any statement(s) in any form to any persons regarding any of the events or happenings referred to in the pleadings and who currently has possession of such statements.

Plaintiff's Document Request Number 4 stated:

All documents relating to statements given by the defendant(s), his/her representatives, agents, or employees, concerning this incident being electronically recorded, written, or oral and later transcribed.

Defendant responded to both the interrogatory and document requests by objecting on the grounds that the materials requested were gathered in anticipation of litigation and, as a result, constituted attorney work product.

The specific statement sought by Plaintiff is one that was taken by the Defendant's insurance carrier adjuster after the accident but before Defendant retained counsel. Defendant contends that such a statement is protected under the work product doctrine as it is material gathered by the insurance company in anticipation of litigation. Defendant argues that the work product doctrine not only applies to materials prepared by a party's attorney, but also to material prepared by a party's representatives, including that party's insurance company.

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Rule 4:1.

The authorities in Virginia are divided on this issue. Many courts have held that routine investigatory reports are discoverable. *See Wood v. Barnhill*, 52 Va. Cir. 274 (Charlottesville 2000); *Thompson v. Winn Dixie Raleigh, Inc.*, 49 Va. Cir. 115 (Chesterfield 1999); *Whetzel v. McKee*, 44 Va. Cir. 315 (Rockingham 1998); *Estabrook v. Conley*, 42 Va. Cir. 512 (Rockingham 1997); *Prince v. Ponderosa Steakhouse, Inc.*, 40 Va. Cir. 466 (Albemarle 1996); *Overton v. Dise*, 35 Va. Cir. 177 (Fairfax 1994); *S. W. Heischman, Inc. v. Reliance Ins. Co.*, 30 Va. Cir. 235 (Albemarle 1993); *Whitehead v. Harris-Teeter, Inc.*, 28 Va. Cir. 367 (Amherst 1992); *Brugh v. Norfolk & W. Ry.*, 4 Va. Cir. 477 (Botetourt 1979). Other courts, however, have ruled that such reports should be protected as work product. *See Lopez v. Woolever*, 62 Va. Cir. 198 (Fairfax 2003); *Larson v. McGuire*, 42 Va. Cir. 40 (Loudoun 1997); *McCullough v. Standard Pressing Machines Co.*, 39 Va. Cir. 191 (Fairfax 1996); *Ring v. Mikris, Inc.*, 40 Va. Cir. 528 (Newport News 1996); *Whitehurst v. Lloyd*, 37 Va. Cir. 224 (Loudoun 1995); *Green v. Oakwood Mobile Homes, Inc.*, 37 Va. Cir. 137 (Essex 1995); *Economos v. K-Mart Corp.*, 33 Va. Cir. 55 (Charlottesville 1993). From this circuit alone, opposite results have been reached.

In *Overton v. Dise*, 35 Va. Cir. 177 (Fairfax 1994), for example, the day after the plaintiff and defendant were involved in a car accident, a claims adjuster for the defendant's insurance company took defendant's statements. Although these statements were routine investigatory reports, recorded in the ordinary course of business, the court held that they were not protected under the work product doctrine as material prepared in anticipation of or for litigation. *Id.* at 177.

Yet, in *McCullough v. Standard Pressing Machines*, 39 Va. Cir. 191 (Fairfax 1996), it was held that the insurance adjuster's report, though routinely prepared, was done in anticipation of litigation that might be initiated by those injured in an automobile accident, and, hence, was protected by the work product doctrine.

In *McCullough*, the plaintiff brought suit against an employer and its employee for personal injuries she received in an automobile accident involving the employee. *Id.* at 191. Three days after the accident, the employee gave a statement to a claims adjuster of The Hartford Mutual Insurance Company ("Hartford"), the insurer of the employee and employer. *Id.* The statement the employer gave to the claims adjuster was a statement that was routinely taken from Hartford's insured in connection with motor vehicle accidents, and, as here, it was given months before plaintiff made a claim or initiated the suit. *Id.* Given these facts, the court found the statement protected by the work product doctrine because of the type of insurance coverage provided, namely, third party liability insurance.

The court there stated that "the test generally developed by courts to determine whether documents constitute work product is whether the primary purpose for generating the document was the prospect of litigation." *Id.* at 193. More specifically, when insurance adjuster reports are involved, the court noted that "most cases denying work product protection to adjuster reports involve *'first party'* insurance coverage, as distinguished from *'third party'* or *'liability'* insurance coverage. *Id.* at 194 (emphasis added).

As the court explained, first party insurance is obtained to "indemnify an insured against a covered loss the insured has sustained." *Id.* The chance of litigation is remote, because it will only ensue "if a dispute arises between the insurer and insured regarding the insurer's contractual obligation pursuant to the insured's policy."

With third party liability insurance, however, an "insured obtains insurance *to protect against liability claims of third persons." Id.* (emphasis added). The court explained that, "when an insured is involved in an insured event occurrence, such as an automobile accident, reasonably giving rise to risk of liability, the liability insurer has an incentive to investigate the circumstances

surrounding that occurrence in order to fulfill its obligation to its insured to defend against a third party potential action." *Id.* at 195. In short, the court stated, automobile liability insurance essentially constitutes "litigation insurance." *Id.*

Similarly, in *Smith v. National Railroad Passenger Corp.*, 22 Va. Cir. 348 (Richmond 1991), it was held that, where the plaintiff, a railroad worker, sought damages from his employer, the reports produced by the employer from the investigations of the accident were created in anticipation of litigation and, therefore, not discoverable absent a showing of substantial need.

In *Smith*, the defendant employer conducted an investigation of the employee's injury within a few days of the injury, in accordance with its normal procedure. *Id.* at 349. Investigations of job injuries were conducted by the employer, for, among other reasons, the settlement of claims and potential litigation. *Id.*

To determine what constitutes material prepared in "anticipation of litigation," the court in *Smith* adopted a "reasonably foreseeable test." *See id.* at 351. That is, "if a reasonable person in the shoes of the party resisting discovery would have anticipated or reasonably foreseen litigation at the time the material was produced, it should enjoy the qualified protection of Rule 4:1 . . ." The court further elaborated that "anticipation of litigation" did not mean that "the litigation must be immediate, nor need there be knowledge that an attorney has been hired or has threatened suit." *Id.* at 352. In *Smith*, the evidence established that the employer had conducted investigations for several reasons, one of which was for potential litigation. *Id.* A reasonably prudent railroad employer could anticipate litigation as a result of an employee injury, and, thus, the court found that "the reports which were produced from the investigations of the accident" were protected work product. *Id.*

The Court finds the reasoning of *McCullough* and *Smith* persuasive.

Here, Defendant's carrier investigated the automobile accident in order to fulfill its duty to defend Defendant should he be sued for the accident. The real possibility of litigation was certainly reasonably foreseeable. An insured, under these circumstances, should feel free to fully discuss the accident with his or her carrier. The knowledge that such statements might later be used against the insured might understandably result in less than full and complete disclosure.

Yet full disclosure should always occur. Only full disclosure permits a sound defense or a sensible settlement. Neither outcome is assured where an insured is fearful of speaking freely and frankly to its carrier. This will not happen unless the conversation is protected. For these reasons, the Court holds that the statement given by Defendant to his adjuster was obtained in

anticipation of litigation and is hence protected by the work product doctrine. Consequently, Defendant's statement is not discoverable absent a showing of substantial need as provided by Rule 4:1.

Plaintiff has failed to demonstrate the requisite substantial need pursuant to Rule 4:1. As a result, Plaintiff's Motion to Compel is denied.