# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Leone Harriet Ashe Jondahl
and Rodney Allen Jondahl,
executors of the estate of
Bradley Allen Jondahl

v.

Ronald Julius Gasper

January 17, 2007

Case No. CL06-0048

BY JUDGE WILLIAM R. O'BRIEN

This matter is before the court on the plaintiffs' motion to compel. The plaintiffs in this case are Leone Harriet Ashe Jondahl and Rodney Allen Jondahl, the executors of the estate of Bradley Allen Jondahl. They brought this wrongful death action against the defendant, Ronald Julius Gasper, alleging that he was responsible for the death of Bradley Jondahl. (The defendant was already acquitted of criminal charges arising out of the same events.)

On August 20, 2006, the court entered an order that required the defendant to answer all of the outstanding discovery submitted to him by the plaintiffs by September 8, 2006. In response to some of some of the requests for production, the defendant ultimately submitted a privilege log to the plaintiffs. In their motion to compel, the plaintiffs argue that the information

in the privilege log should be produced. Moreover, the plaintiffs also ask the court to compel the defendant to produce certain audiotapes of conversations that he had with a "critical witness" in this case.

The first two documents withheld in the privilege log are letters from Jeanne S. Curtis of Kennedy's Investigative Service to James O. Broccoletti, who was the defendant's counsel during the related criminal proceedings. The letters are both reports on certain work that Mr. Broccoletti instructed an investigator to complete, including witness interviews. The defendant claims that the letters are privileged under the work product doctrine since they were prepared in anticipation of litigation. The plaintiff argues that, since the letters were prepared in anticipation of the previous criminal litigation involving the defendant, not the civil litigation that is currently taking place, the work product doctrine should not apply.

Rule 4:1(b)(3) of the Supreme Court of Virginia says that materials prepared in anticipation of litigation "by or for another party or by or for that other party's representative," can only be discovered if the opposite party shows "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." It is routinely stated that "the test generally developed by courts to determine whether documents constitute work product is whether the primary purpose for generating the document was the prospect of litigation." *Veney v. Duke*, 69 Va. Cir. 209, 211 (Fairfax 2005) (quoting *McCullough v. Standard Pressing Machines*, 39 Va. Cir. 191, 193 (Fairfax 1996)). The determination of whether documents are produced in anticipation of litigation depends upon whether "a reasonable person in the shoes of the party resisting discovery would have anticipated or reasonably foreseen litigation at the time the material was produced." *Id.* at 212 (quoting *Smith v. National Railroad Passenger Corp.*, 22 Va. Cir. 348, 352 (Richmond 1991)). The anticipated litigation need not be immediate and a lawsuit need not have been already threatened. *Id.*

Though there does not appear to be any Virginia state law on the subject, the defendant has cited two federal cases that support his position that work product immunity does not expire upon the termination of the subject litigation. These cases were decided in the context of Federal Rule of Civil Procedure 26(b)(3), which is identical to Virginia Supreme Court Rule 4:1(b)(3). Specifically, in *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, the Fourth Circuit Court of Appeals ruled that "the legal profession and the interests of the public are better served by recognizing the qualified immunity of work product materials in a subsequent case as well as that in which they were prepared." 487 F.2d 480, 484 (4th Cir. 1973); *see also In re*

*Murphy*, 560 F.2d 326, 334 (8th Cir. 1977). A federal court has also specifically held that the subsequent litigation does not even have to be related to the litigation for which the work product was prepared for the immunity to continually apply. *See Murphy*, 560 F.2d at 334-35.

Here, the letters at issue were obviously prepared for the defendant in anticipation of the criminal litigation that took place involving the defendant and the plaintiffs' son. This case involves the exact same events and issues that were the subject of the criminal litigation. Given that federal courts have ruled that work product immunity can apply to unrelated subsequent litigation, it is logical that it should certainly apply in this instance, where the subsequent civil litigation is directly related to the previous criminal litigation. Accordingly, the letters are privileged under the work product doctrine and the plaintiffs' motion to compel with respect to these documents is overruled.

The second two documents in the defendant's privilege log are both descriptions of the events that happened on the evening that the plaintiffs' son passed away. The first document, entitled "Attention: Work Product of James Broccoletti" is a description of events, prepared by the defendant for Mr. Broccoletti. The second document, entitled "Narrative of Events," is another description of the events, prepared by Mr. Broccoletti and his staff. The defendant argues that these documents are immune from discovery under both the work product doctrine and the attorney-client privilege.

Without broaching the subject of attorney-client privilege, it appears that these documents are privileged under the work product doctrine for the same reasons as stated above. The documents were obviously prepared by the defendant and his attorney in anticipation of the criminal litigation. The immunity of the documents from discovery should extend to this related, civil litigation. Therefore, the plaintiffs' motion to compel is overruled with respect to these documents as well.

Finally, the plaintiffs also seek discovery of the audiotape of a telephone conversation between the defendant and Liana Workman, a potential witness in the case. The tape was made by the defendant, apparently at the suggestion of the investigator hired by his attorney, Mr. Broccoletti. The defendant once again argues that the tape is immune from discovery under the work product doctrine.

In *Rakes v. Fulcher*, the Supreme Court of Virginia considered an issue similar to the one presented by the audiotape in this case. There, the plaintiff was seeking to discover witness statements taken by the defendants during their preparation for the case. In denying the plaintiff's motion, the court held that "[w]here both parties have an equal opportunity to investigate, and where all witnesses to the accident are known and available to both sides, discovery

should not be granted." 210 Va. 542, 547 (1970). However, as Rule 4:1 states, work product can still be discovered if the opposite party shows "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

Here, the defendant obviously recorded the conversation with Workman in anticipation of the criminal litigation, at least. And, following the rationale of the Supreme Court of Virginia in *Rakes*, discovery should not be granted because both sides know of the witness. Additionally, the plaintiffs have not shown that they will be unable to obtain the substantial equivalent of this audiotape without undue hardship. Accordingly, the plaintiffs' motion to compel the audiotape is also overruled.

For the forgoing reasons, this court finds that the plaintiffs' motion to compel is overruled in its entirety.