# CIRCUIT COURT OF THE CITY OF NORFOLK

Melinda McKinnon.

v.

David B. Doman

March 1, 2007

Case No. (Civil) CL06-4499

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff has filed a motion to compel the production of a taped statement the defendant made to a representative of his casualty insurer on August 14, 2006. The plaintiff was injured on August 12, 2006, when she fell from her bicycle under a wheel of an oncoming truck. The defendant was driving a car behind the truck. As I understand her claim, the plaintiff alleges the defendant was driving left of the center line of the road and when confronted by this she turned to avoid a collision with his car and collided with the truck. The driver of the truck has not been sued. The defendant has denied any negligence.

The production of such statements was a much contested matter in the late 1990s. Many of the judges of this court (myself included) applied a rather simple test. The statement was not considered to have been "prepared in anticipation of litigation" for purposes of Rule 4:1(b)(3) unless either the defendant had retained counsel or plaintiff's counsel had notified the defendant or his insurer of his retention before the statement was made. I have not given the subject much thought since then. Mr. Reynolds has asked me to listen to the tape recording and reconsider the application of our simple test. I have done both. I have also considered the opinions of Judge Frank in *Ring v. Mikris, Inc.*, 40 Va. Cir. 528 (1996), and Judge Morrison in *McDonald v. Sentara Medical Group*, 64 Va. Cir. 30 (2004).

At the time of the accident, the plaintiff's husband blamed the accident on the defendant and the responding police officer issued the defendant a summons for improper passing. It was obvious the plaintiff had suffered significant injuries, although the defendant did not know their extent, as she was bloodied and taken by ambulance to a nearby hospital, where she was admitted. Sometime before he made the statement at issue, he retained counsel for the traffic summons and consulted him. The defendant did not retain counsel to represent him in any possible civil action. He acknowledged the litigiousness of contemporary society, but he did not understand how he could possibly be responsible for the plaintiff's injuries. It seems he did not expect to be sued, but reported the accident to give notice to his insurer. The plaintiff retained Mr. Gilbert on August 17.

It was not immediately apparent that the defendant's negligence, if any, was the sole cause of the accident. The plaintiff, for whatever reason, crossed the center line on her bicycle and collided with the truck. The person who took the statement appears to have been an insurance adjuster, not one charged with safety responsibilities, and there is nothing in the recorded statement that indicates the adjuster's investigation was different from the manner in which he would investigate other claims in the ordinary course of the insurer's business.

I do not believe the policies the General Assembly has enacted in Code of Virginia §§ 8.01-404 and 8.01-417(A) have any effect on the application of Rule 4:1(b)(3) to the facts before me. I grant the motion to compel. I have returned the tape to Mr. Reynolds.