# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Mark Ivey Piland

    v.

Malcolm V. White

February 27, 2012

Case No. (Civil) CL11-852

BY JUDGE MARJORIE A. TAYLOR ARRINGTON

This matter was before the Court on February 15, 2012, for hearing on multiple motions involving discovery issues. The parties resolved various issues prior to trial, including Plaintiff's Motion in Limine regarding Ms. Chattin's testimony, Defendant's Motion in Limine regarding the cost to repair Plaintiff's vehicle, and Request for Production of Documents No. 7 regarding medical records. Therefore, the only matters before the Court are (1) whether Dr. Kirven's report sufficiently states the grounds upon which he bases his opinions; (2) whether Defendant should be compelled to produce a recorded statement given by Defendant to his insurer; and (3) whether Dr. Kirven must provide to Plaintiff a detailed list of services performed for and payments received from defense counsel in personal injury actions. After considering the evidence, exhibits, and arguments presented, as well as the applicable law, the Court is ready to rule.

## I. *The Sufficiency of the Grounds Stated in Dr. Kirven's Report*

Plaintiff moves the Court to compel Defendant and State Farm to provide complete responses to Interrogatory Nos. 21 and 11, respectively, which

request the identification of each expert expected to be called at trial, for the subject matter on which that expert was expected to testify, the substance of the facts and opinions to which the expert was expected to testify, and a summary of the grounds for each such opinion. In response to these Interrogatories, Defendant and State Farm attached Dr. Kirven's report. Plaintiff objects that the report "makes no effort to provide a summary of the grounds or basis for each such opinion."

Page 3 of the report identifies the various medical records and legal documents Dr. Kirven reviewed, and, in the "Discussion" section on page 4, Dr. Kirven prefaces each of his opinions with the phrase "It is my professional medical opinion, with a reasonable degree of medical certainty . . ." sometimes adding the phrase "after review of the medical records. . . ." Plaintiff had the opportunity to depose Dr. Kirven before trial and has the opportunity to cross-examine and voir dire Dr. Kirven regarding his opinions and the grounds upon which he relies for each opinion.

The Court finds that Dr. Kirven has sufficiently stated the grounds for his opinions in his report. Plaintiff's Motion to Compel Defendant and State Farm to provide additional responses to Interrogatory Nos. 21 and 11, respectively, is denied.

## II. *Defendant's Statement to His Insurer*

Plaintiff moves the Court to overrule Defendant's objections to Requests for Production of Documents Nos. 1 and 6, which involve a recorded statement Defendant made to his insurer on June 9, 2009, before either party had retained or contacted counsel. Plaintiff argues that it is routine to contact one's insurance company after an accident and that contemporaneous statements made soon after an accident are unattainable later in time. Defendant avers that the statement was made in anticipation of litigation and, therefore, is work product not discoverable under Rule 4:1 unless the party seeking discovery shows a substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Defendant argues Plaintiff has demonstrated no need for the document and notes that Plaintiff deposed Defendant and questioned him about the accident and his observations in detail. Furthermore, Defendant argues Plaintiff has not shown that he is unable to obtain the substantial equivalent by other means without undue hardship.

Rule 4:1 provides that a party may obtain discovery of documents:

> prepared in anticipation of litigation . . . by or for [another] party's representative (including his . . . insurer), only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that

he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Rule 4:1(b)(3). Discovery should not be granted "[w]here both parties have an equal opportunity to investigate, and where all the witnesses to the accident are known and available to both sides." *Rakes v. Fulcher*, 210 Va. 542, 547 (1970).

Although the Supreme Court of Virginia has not specifically addressed the issue before the Court, there are a number of circuit court opinions, although, as Judge McGrath of the Rockingham County Circuit Court has observed, the cases "are in hopeless and irreconcilable conflict." *Estabrook v. Conley*, 42 Va. Cir. 512 (Rockingham 1997). Judge Alden of the Fairfax Circuit Court noted the difficulties of applying the work product doctrine to documents produced by insurance companies: "[T]he nature of the insurance business is such that an insurance company must investigate a claim prior to determining whether to pay its insured, and thus pre-litigation is the routine business of insurance companies." *Lopez v. Woolever*, 62 Va. Cir. 198, 200 (Fairfax 2003).

Some Virginia circuits apply the bright-line *Thomas Organ* rule, which states:

> any report or statement made by or to a party's agent (other than to an attorney acting in the role of counselor), which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business.

*Lopez*, 62 Va. Cir. at 201, quoting *Thomas Organ Co. v. Jadranska Slobodna Providba*, 54 F.R.D. 367, 372 (D.C. Ill. 1972). *See also Wood v. Barnhill*, 52 Va. Cir. 274, 275 (Charlottesville 2000); *Whetzel v. McKee*, 44 Va. Cir. 315 (Rockingham 1998). Judge Martin in the Norfolk Circuit Court applies a similar bright-line test: "The statement was not considered to have been 'prepared in anticipation of litigation' for purposes of Rule 4:1(b)(3) unless either the defendant had retained counsel or plaintiff's counsel had notified the defendant or his insurer of his retention before the statement was made." *McKinnon v. Doman*, 72 Va. Cir. 547, 547 ( Norfolk 2007).

Despite the claim in *Lopez* that "the majority of Virginia circuits endorse the *Thomas Organ* rule," *Lopez*, 62 Va. Cir. at 201, Judge Alden rejects a bright-line test and adopts a case-by-case analysis, as do many other circuits. These courts ask whether "a reasonable person in the shoes of the party resisting discovery would have anticipated or reasonably foreseen litigation at the time the material was produced." *See, e.g., Lowe v. Norfolk Southern Ry.*, 81 Va. Cir. 221 (Hopewell 2010); *Cranley v. Benchmark Management*

*Co.*, 78 Va. Cir. 353 (Loudoun Co. 2009); *Veney v. Duke*, 69 Va. Cir. 209 (Fairfax 2005); *Wilson v. Norfolk & Portsmouth Belt Line RR.*, 69 Va. Cir. 153 (Portsmouth 2005); *Lopez*, 62 Va. Cir. at 203; *Ring v. Mikris, Inc.*, 40 Va. Cir. 528, 529 (Newport News 1996); *Smith v. National Railroad Passenger Corp.*, 22 Va. Cir. 348, 351-52 (Richmond 1991). Judge Sharrett of the Hopewell Circuit Court clarifies the "reasonably foreseeable test" from *Wilson* and *Smith*, explaining, "the document itself must be prepared because of the prospect of litigation, and not merely in response to, or as a result of, an incident that could result in litigation." *Lowe*, 81 Va. Cir. at 224. Judge Sharrett further explains, "It may be reasonably foreseeable to a railroad company that an incident likely will lead to a claim involving litigation, but that does not mean that everything documenting the incident is prepared in anticipation of litigation." *Id.*

Rejecting a bright-line test, Judge Frank of the Newport News Circuit Court held that the party seeking work product protection must show that the document "(1) was prepared because of the prospect of litigation; (2) the preparer faces an actual or potential claim; and (3) the preparer could reasonably foresee the actual or potential claim would result in litigation." *Ring*, 40 Va. Cir. at 533. The court should consider: (1) the apparent severity of the plaintiff's injuries; (2) whether it is immediately apparent that any negligence would likely lie solely with the company's insured; (3) whether the plaintiff notified the defendant that the plaintiff would pursue a claim (or that the plaintiff lacked the resources to pay for his medical expenses); (4) whether defendant was notified that plaintiff had retained counsel; (5) whether the person who took the statement is charged with safety responsibilities, or whether the investigation was made pursuant to policy, statute, regulation, or other non-litigation purpose; (6) whether a statute clearly implicates the insured with liability; (7) whether the insurer investigated the plaintiff's claim in the manner he investigated all other claims with normal procedures; and (8) whether the documents were produced before an insurer formally denied a claim. *Id.* at 533-34.

Some courts distinguish between first-party insurance coverage and third-party liability insurance coverage. *See, e.g., Veney v. Duke*, 69 Va. Cir. 209 (Fairfax 2005); *McCullough v. Standard Pressing Machines*, 39 Va. Cir. 191 (Fairfax 1996); *Smith*, 22 Va. Cir. 348. As explained in *McCullough*, the purpose of first-party insurance is to "indemnify an insured against a covered loss the insured has sustained," and the chance of litigation is remote because it will only ensue "if a dispute arises between the insurer and the insured regarding the insurer's contractual obligation pursuant to the insured's policy." *McCullough*, 39 Va. Cir. at 194. However, third-party liability insurance "protects against liability claims of third persons," and when an insured is involved in an accident with a third-party, "the liability insurer has an incentive to investigate the circumstances surrounding the occurrence in order to fulfill its obligation to its insured to defend against a

third party potential action." *Id.* at 194-95. Judge Ney in Fairfax considered this distinction and applied the "reasonably foreseeable test" referenced in *Smith* before concluding that the defendant's statement to his insurer after the accident but before retaining counsel was protected by the work product doctrine. *Veney*, 69 Va. Cir. 209.

The Court finds that Defendant's recorded statement to his insurer was created in anticipation of litigation; therefore, it is protected from discovery by the work product doctrine, unless Plaintiff can satisfy the conditions of Rule 4:1(b)(3): substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

The Newport News Circuit Court found that a plaintiff had not met the Rule 4:1(b)(3) burden with regard to the witness statements requested because the plaintiff "had access to the witnesses the insurance company interviewed, and may question those witnesses under oath with penalty of perjury." *Ring*, 40 Va. Cir. at 535. The Greensville County Circuit Court also noted that "[t]he federal courts have recognized the value of the statements of a party or witness made a short time after an event at issue in litigation," and that this is particularly true when the "witnesses' statements [are] approximately contemporaneous with the accident . . . [and] opposing counsel had no opportunity to question the witness until weeks or months later." *Massenburg v. Hawkins*, 70 Va. Cir. 13, 16 (Greensville Co. 2005), quoting *Guilford Nat'l Bank v. Southern Ry.*, 297 F.2d 921, 926 (4th Cir. 1962). The court concluded that the near-contemporaneous nature of the statement paired with the fact that the defendant made statements in her deposition that she was presently unable to remember details about the accident was sufficient to find that the plaintiff had proven a substantial need for the statement.

The Court finds that Plaintiff has not shown a substantial need and an inability to obtain the substantial equivalent of the material requested without undue hardship; therefore, Plaintiff's Motion to Compel regarding the Request for Production of Documents Nos. 1 and 6 is denied.

### III. *A Detailed List of Dr. Kirven's Services and Payments*

Dr. Kirven, an expert designated by Defendant, moves the Court to enter an order quashing the Subpoena Duces Tecum ("Subpoena") served on him by Plaintiff or, in the alternative, to enter an order limiting the scope of the Subpoena and directing Dr. Kirven be compensated for his time and costs in responding to the Subpoena (Rule 4:1(b)(4)(C)). Dr. Kirven argues that the procedure for discovering the opinions of testifying expert witnesses is expressly limited in Rule 4:1(b)(4) to the three methods listed in that provision. Rule 4:1(b)(4) is plain: "Discovery of facts known and opinions held by experts, otherwise discoverable . . . and acquired or developed

in anticipation of litigation or for trial, may be obtained *only* as follows. . . ." A party may seek information from another party about an expert via interrogatories to the party, or a party may depose an expert, or, "[u]pon motion, the court may order further discovery by other means. . . ." Rule 4:1(b)(4)(A)(i)-(iii). The Court agrees and declines to enter an order compelling Dr. Kirven to respond to an unauthorized discovery request.

However, "in an overabundance of caution," Plaintiff has also moved the Court to allow it to seek "further discovery" under Rule 4:1(b)(4)(A)(iii) from Dr. Kirven in the Subpoena dated January 13, 2012. Although there are fourteen categories of documents requested, the heart of the dispute is essentially Plaintiff's desire to obtain an updated version of the document identified as Attachment 5 in Plaintiff's Brief in Opposition to Dr. Kirven's Motion to Quash and in Support of Plaintiff's Motion to Compel and for Further Discovery. Plaintiff argues this report is needed to enable Plaintiff to explore the extent to which Dr. Kirven's income is derived from serving as a retained expert for defendants in personal injury actions in order to present evidence of bias. An expert witness's relationship with an insurance company may be explored at trial when there is a substantial connection between the witness and the company. *Lombard v. Rohrbaugh,* 262 Va. 484, 551 S.E.2d 349 (2001). Plaintiff seeks evidence to establish that connection.

Dr. Kirven argues that nothing in Rule 4:1 or Rule 4:9(a) requires a person responding to a subpoena duces tecum to create a document that does not exist and that, although Dr. Kirven has kept records like Attachment 5 in the past, he no longer creates such reports. Plaintiff argues in response that it is incredible that Dr. Kirven does not maintain records of the services he provides and the payments he receives from insurance companies and other medical-legal clients. Plaintiff asserts that Dr. Kirven can readily produce a report of these records because he has done so in the past, as evidenced by Attachment 5.

The Court finds that Dr. Kirven has produced the document known as Attachment 5 in the past and Dr. Kirven did not represent to the Court that he is unable to produce an up-to-date version of this document, but merely that Dr. Kirven stopped creating such reports on the advice of counsel. The Court orders Dr. Kirven to produce an updated version of Attachment 5 to Plaintiff containing the information Plaintiff seeks, i.e., the services Dr. Kirven has performed for and the payments he has received from services provided to defense counsel in personal injury actions. In addition, Plaintiff is ordered to pay a reasonable fee to Dr. Kirven for the time and expense incurred in responding to the Subpoena, pursuant to Rule 4:1(b)(4)(C).