# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Tela Hansom-Pitt

v.

Anthony Hughes

September 21, 2012

Case No. CL12000260-00

By Judge Craig D. Johnston

I took under advisement the Motion to Compel as it relates to the request that Plaintiff produce a transcript or tape of an interview with a representative of her insurance carrier which apparently took place not long after the accident. I will deny the Motion to Compel the production requested.

I reach this decision because I find the rationale of *Veney v. Duke*, 69 Va. Cir. 209 (2005), persuasive. Rule 4:1(b)(3) encompasses within the "work product" protection not only materials gathered by or for counsel in anticipation of litigation, but materials gathered by or for others, including the liability insurance carrier. The precise content of the interview in this case has not been proffered, but is presumably a mixture of information related to "first party" coverage (property damage and the like) and "third party" coverage (information related to liability coverage and claims that might be lodged).

The "work product" doctrine applies principally to third party liability coverage, as noted in *Veney*. However, it is as to this information that discovery is sought: admissions, statements of fact as to what happened in the accident, and the like, which may contradict information provided in depositions or at trial. The statements sought are those the insurer obtained for the purpose of assessing the risk of liability and of responding to demand letters from claimants upon liability coverage, including counsel who may make demands and file suit. The statements are accordingly gathered in anticipation of litigation of liability claims and therefore fall within 4:1(b)(3).

This conclusion is reinforced by the second paragraph of Rule 4:1(b)(3), which provides that statements by a party of the sort sought here are discoverable without a showing of substantial need on motion of *that party*. Accordingly, if an insurance representative takes a statement from the other party, rather than the insured, in anticipation of litigation, the statement is not protected from that party's motion to compel. The fact that the rule creates this special exception helps persuade me that other statements, including statements of the sort in this case, are protected.

While Plaintiff claims that the interview does not fall within the work product doctrine, she further asserts that, even if it does, substantial need has been shown, justifying ordering its production under the Rule. The need is articulated in the memorandum accompanying the motion to compel, the interview may contain admissions or contradictions made shortly after the accident, which will help explain what Plaintiff regards as a reversal of position on the issue of liability. Defendant pleaded guilty to a traffic infraction, but now contests liability, and Plaintiff has no other way to obtain these admissions, or, indeed, to obtain an explanation of the reversal. I do not find this qualifies as substantial need. Questions and answers as to facts bearing on liability are precisely what the work product doctrine protects. Accordingly, the fact that a person may have made statements of fact bearing upon liability which the opposition would like to inspect for prior inconsistent statements, where liability is contested, does not create a special need. If it did, statements of this sort would be discoverable in every case of contested liability, as such statements are routinely taken shortly after accidents and lawsuits are heard much later, when memories arguably have faded, or opportunity to reflect and concoct new stories has occurred.

Plaintiff's position is at base that it would not be right or fair for a defendant to admit facts which would give rise to liability in an interview with her carrier, then either conveniently forget these facts, or worse, fabricate different ones, when testifying in deposition or trial. In principle, I agree, but the work product rule protects the interview nonetheless, just as it does interviews between attorney and client, and for much the same reasons. I am satisfied that the protections built in to the attorney-client privilege are sufficient protection here. An attorney cannot knowingly permit his or her client to give false testimony. This rule protects discussions with the client, while preserving the fairness of the judicial process. In this case, Plaintiff's counsel, having asserted that the interview in question is protected by the insurer's work product privilege, has a duty to consider the contents of the interview along with other information counsel may have obtained, in determining whether counsel's duty not to permit perjured testimony has been triggered and to take appropriate steps if it has.

I have entered an order denying the motion to compel.